**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 c 7649 |
| | ) | |
| v. | ) | Honorable Joan Lefkow |
| | ) | |
| DOMINIC CAPPELLUTI, et al., | ) | Magistrate Judge Geraldine Brown |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS WALLER, MERMEL,
PAVLETIC AND LAKE COUNTY'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Dated: June 22, 2011

/s/James G. Sotos
James G. Sotos, Attorney No. 06191975
*One of the Attorneys for the State's Attorney
Defendants and Lake County*

James G. Sotos
Elizabeth A. Ekl
Jeffrey N. Given
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, Illinois 60143
(630) 735-3300 (telephone)
(630) 773-0980 (facsimile)
jsotos@jsotoslaw.com

## TABLE OF CONTENTS

**Page**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF PLAINTIFF'S ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    General Allegations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Plaintiff's Allegations Against the State's Attorney Defendants. . . . . . . . . . . . . 3

            1.    Waller only. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            2.    Pavletic only. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            3.    Mermel only. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            4.    Pavletic and Mermel jointly. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            5.    Waller and Pavletic jointly. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            6.    Waller, Pavletic and Mermel jointly. . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.    Allegations Against Lake County. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STANDARDS FOR MOTION TO DISMISS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    PLAINTIFF'S FEDERAL FAILURE TO INTERVENE CLAIM (COUNT IV) IS
    TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED
    BY ABSOLUTE PROSECUTOR IMMUNITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    Count IV is Time-Barred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    Count IV Fails to State a Claim Because Prosecutors Do Not Have a Duty to
         Intervene with Police. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    Count IV is Barred by Principles of Absolute Prosecutorial Immunity. . . . . . . . 7

II.    PLAINTIFF'S FEDERAL CONSPIRACY CLAIM (COUNT V) IS TIME-BARRED,
    FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE
    PROSECUTOR IMMUNITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

**TABLE OF CONTENTS CONT.**

A. Count V is Time-Barred.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B. Count V Fails to Plead the Elements of Conspiracy. . . . . . . . . . . . . . . . . . 10

C. The State's Attorney Defendants Have Absolute Immunity. . . . . . . . . . . . . 11

III. PLAINTIFF'S STATE LAW CLAIMS AGAINST THE STATE'S ATTORNEY
DEFENDANTS ARE SUBJECT TO DISMISSAL FOR SEVERAL REASONS. . . . . . 11

A. Plaintiff's Malicious Prosecution Claim (Count VI) is Barred by Principles of
Absolute Prosecutorial Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

B. Plaintiff's IIED Claim (Count VII) is Barred by Principles of Absolute
Prosecutorial Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C. Plaintiff's Common Law Conspiracy Claim (Count VIII) is Insufficiently
Pleaded and is Barred by Principles of Absolute Prosecutorial Immunity. . . . . 14

1. Count VIII fails to sufficiently plead the elements of conspiracy. . . . . . 14

2. Count VIII is barred by absolute immunity. . . . . . . . . . . . . . . . . . . . . . 14

D. Plaintiff's Defamation Claims (Count IX) Are Either Barred by Absolute
Privilege or Otherwise Fail to State a Claim. . . . . . . . . . . . . . . . . . . . . . . . . 15

1. Waller.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

2. Mermel and Pavletic. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

E. Plaintiff's Fraudulent Concealment Claim (Count X) Fails to State a Claim. . . . 19

IV. THE STATE LAW CLAIMS MUST BE DISMISSED UNDER RULE (12)(b)(1)
BASED ON THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY. . . . 19

V. THE CLAIMS AGAINST LAKE COUNTY MUST BE DISMISSED. . . . . . . . . . . . 21

A. Count XI ("*Respondeat Superior*"). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

B. Count XII ("Indemnification").. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                          <u>Page</u>

*Aboufariss v. City of DeKalb,* 713 N.E.2d 804 (2d Dist. 1999)... . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Alden v. Maine,* 527 U.S. 706 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Anderson v. Simon,* 217 F.3d 472 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Andrews v. Burge,* 660 F. Supp. 2d 868 (N.D. Ill. 2009)... . . . . . . . . . . . . . . . . . . . 7, 9, 12, 14

*Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Barham v. McIntyre,* 2007 WL 1576484 (S.D. Ill. May 30, 2007). . . . . . . . . . . . . . . . . . . . . 12, 13

*Barr v. Matteo,* 360 U.S. 564 (1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Beaman v. Souk,* No. 10-CV-1019, 2011 WL 832506 (C.D. Ill. March 3, 2011). . . 6, 9, 10, 12-14

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Biggerstaff v. Moran,* 671 N.E.2d 781 (1st Dist. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Blair v. Walker,* 349 N.E.2d 385 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 20

*Buckley v. Fitzsimmons,* 20 F.3d 789 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11, 12

*Buckley v. Fitzsimmons,* 509 U.S. 259 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Burns v. Reed,* 500 U.S. 478 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Carillo v. Chambers,* 2007 WL 257634 (N.D. Ill. Jan. 22, 2007). . . . . . . . . . . . . . . . . . . . 10, 20

*Coleson v. Spomer,* 334 N.E.2d 344 (5th Dist. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Emery v. Northeast Illinois Regional Commuter Railroad Corp.,* 2003 WL 22176077 (N.D. Ill.
Sept. 18, 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Finwall v. City of Chicago,* 490 F. Supp. 2d 918 (N.D. Ill. 2007)... . . . . . . . . . . . . . . . . . . . . 21

*Fonseca v. Nelson,* 2009 WL 78144 (S.D. Ill. Jan. 12, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES CONT.

*Garcia v. City of Chicago,* 24 F.3d 966 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074 (7th Cir. 1997). . . . . . 5

*Generes v. Foreman*, 277 Ill. App. 3d 353 (1st Dist. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gordon v. Devine,* 2008 WL 4594354 (N.D. Ill. Oct. 14, 2008). . . . . . . . . . . . . . . 6, 7, 12-14, 21

*Green v. Rogers,* 917 N.E.2d 450 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

*Hans v. Louisiana,* 134 U.S. 1 (1890). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Harper v. Albert,* 400 F.3d 1052 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hartigan v. Knecht Services Inc.*, 575 N.E.2d 1378 (2d Dist. 1991). . . . . . . . . . . . . . . . . . . . . . 16

*Higgins v. Mississippi,* 217 F.3d 951 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hopewell v. Vitullo,* 701 N.E.2d 99 (1st Dist. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Hughes v. Krause,* 2008 WL 2788722 (N.D. Ill. July 17, 2008). . . . . . . . . . . . . . . . . . . . . . 12, 13

*Hunt v. Jaglowski,* 926 F.2d 689 (7th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Imbler v. Pachtman,* 424 U.S. 409 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11, 12, 18

*Ingemunson v. Hedges,* 549 N.E.2d 1269 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Johnson v. Joliet Junior College,* 2007 WL 1119215 (N.D. Ill. April 10, 2007). . . . . . . . . . . . . 5

*Key v. Illinois Dept. of State Police,* 2006 WL 3229999 (S.D. Ill. Nov. 7, 2006). . . . . . . . . . . . 20

*Klug v. Chicago School Reform Bd. of Trustees,* 197 F.3d 853 (7th Cir. 1999). . . . . . . . . . . . . 16

*Lifton v. Bd. of Educ. of City of Chicago,* 416 F.3d 571 (7th Cir. 2005). . . . . . . . . . . . . . . . . . 17

*Manjarres v. Nalco Co.,* 2010 WL 918072 (N.D. Ill. March 9, 2010). . . . . . . . . . . . . . . . . . . . 17

*McGrath v. Gillis,* 44 F.3d 567 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**TABLE OF AUTHORITIES CONT.**

*Morton v. Hartigan,* 495 N.E.2d 1159 (1st Dist. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Mosley v. City of Chicago,* 2009 WL 3097211 (N.D. Ill. Sept. 22, 2009). . . . . . . . . . . . . . . . . . 21

*Nixon v. Page,* 291 F.3d 485 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Omosegbon v. Wells,* 335 F.3d 668 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Patterson v. Burge,* 2010 WL 3894438 (N.D. Ill. Sept. 27, 2010). . . . . . . . . . . . . . . . . . 8, 11, 14

*Patterson v. Burge,* 328 F. Supp. 2d 878 (N.D. Ill. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Price v. State,* 820 N.E.2d 104 (1st Dist. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Redd v. Dougherty,* 578 F. Supp. 2d 1042 (N.D. Ill. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Republic Tobacco v. North Atlantic Trading,* 381 F.3d 717 (7th Cir. 2004). . . . . . . . . . . . . . . . 17

*Sanders v. Taylor*, 3 Fed. Appx. 561 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schivarelli v. CBS, Inc.*, 776 N.E.2d 693 (1st Dist. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Smith v. Power,* 346 F.3d 740 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11

*Sneed v. Howell,* 716 N.E.2d 336 (5th Dist. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Srivastava v. Newman*, 12 Fed. Appx. 369 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Taylor-Hudgins v. Spurgeon,* 2004 WL 828093 (S.D. Ind. March 3, 2004). . . . . . . . . . . . . . . . 11

*Vantassell-Matin v. Nelson,* 741 F. Supp. 698 (N.D. Ill. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ware v. Carey,* 394 N.E.2d 690 (1st Dist. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 18

*Weimann v. County of Kane*, 502 N.E.2d 373 (2d Dist. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*White v. City of Chicago,* 861 N.E.2d 1083 (1st Dist. 2006). . . . . . . . . . . . . . . . . . . . 12, 13, 18, 20

*Wilson v. Giesen,* 956 F.2d 738 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Woodruff v. Mason,* 542 F.3d 545 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES CONT.

*Young v. Rogers,* 2008 WL 5235366 (N.D. Ill. Dec. 15, 2008)................................ 20

**<u>Statutes</u>**

28 U.S.C. §1331................................................................ 20

28 U.S.C. §1367................................................................ 20

42 U.S.C. §1983............................................................. 7-9, 13

42 U.S.C. §1985.......................................................... 1, 10, 11

705 ILCS 505/1 *et seq.* (West 1994)............................................ 19

705 ILCS 505/8(d) (West 1994)................................................ 19

735 ILCS 5/13-215.......................................................... 19

745 ILCS 10/2-109.......................................................... 21

745 ILCS 10/9-102.......................................................... 21

Fed. R. Civ. P. 12(b)(6)........................................................ 5

Fed. R. Civ. P. 12(e).......................................................... 16

Fed. R. Civ. P. 12(b)(1)........................................................ 5

Fed. R. Civ. P. 8(a)........................................................... 6

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 c 7649 |
| | ) | |
| v. | ) | Honorable Joan Lefkow |
| | ) | |
| DOMINIC CAPPELLUTI, et al., | ) | Magistrate Judge Geraldine Brown |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS WALLER, MERMEL,**
**PAVLETIC AND LAKE COUNTY'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff's federal civil rights and state law claims against Defendants Lake County

State's Attorney Michael Waller and Assistant State's Attorneys Michael Mermel and Jeff

Pavletic ("State's Attorney Defendants") arise from their alleged involvement in the

investigation, arrest, and prosecution of Plaintiff for the May, 2005 murders of his daughter

Laura and her friend Krystal Tobias.  Plaintiff's Second Amended Complaint is premised initially

upon the police defendants' alleged coercion of Plaintiff's confession to the murders, and further

upon the State's Attorney Defendants' alleged failure to timely dismiss the criminal charges

against Plaintiff based upon the results of DNA analysis that occurred at varying points of the

prosecution.  Though Plaintiff initially sued the State's Attorney Defendants for their alleged

involvement in the coercion of Plaintiff's confession, Plaintiff's Second Amended Complaint has

dropped the State's Attorney Defendants from those counts.  Currently, the only federal claims

against the State's Attorney Defendants are for "failure to intervene" in the police defendants'

alleged coercion of the confession (Count IV) and "conspiracy" under 42 U.S.C. §1985  (Count

V). Those claims are subject to dismissal because (a) they are derivative of the constitutional claims asserted in Counts I-III, which themselves fail to state a cause of action, (b) they are barred by the statute of limitations, (c) they are barred by the doctrine of absolute immunity, and (d) Illinois prosecutors have no duty to intervene with police officers.

Plaintiff's state law claims include Count VI for "malicious prosecution," Count VII for "intentional infliction of emotional distress (IIED)," Count VIII for "conspiracy," Count IX for "defamation," Count X for "fraudulent concealment," and Counts XI and XII against Lake County for "*respondeat superior*" and statutory "indemnification," respectively. Plaintiff's state law claims fail because (1) the State's Attorney Defendants are absolutely immune, and (2) this Court has no subject matter jurisdiction over the state law claims against the State's Attorney Defendants, which are barred by the Eleventh Amendment and sovereign immunity.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

### A.      General Allegations.[1]

On the morning of May 9, 2005, Plaintiff allegedly discovered the murdered bodies of his eight-year-old daughter Laura and her nine-year-old friend Krystal. (¶¶ 26-32.) After being taken to the Zion police station, where he alleges he was under arrest, Plaintiff was transferred to the Waukegan Police Department, where he was allegedly interrogated for twenty hours in twenty-five separate sessions by members of the Lake County Major Crimes Task Force ("Task Force"). (¶¶ 36, 41-43, 44-107.) During those interrogations, Plaintiff alleges he was not fully informed of his *Miranda* rights and was psychologically and physically coerced into giving a false confession. (*Id.*) Plaintiff alleges that based on his false confession, he was charged with

---

[1] As they must for this motion, Defendants take Plaintiff's well-pleaded allegations as true.

2

the murders and was denied bond on May 11, 2005. (¶¶ 113-15.) Plaintiff further alleges that

false testimony was given before a grand jury and at an August 2006 motion to suppress hearing.

(¶¶ 119-22.) Plaintiff alleges that DNA testing was obstructed, and that on August 29, 2007, test

results excluded him as the source of the DNA evidence. (¶¶ 123-24, 132-35.) On December 2,

2008, the circuit court of Lake County held a hearing and denied Plaintiff's motion for a new

bond. (¶¶ 141-42.) On August 4, 2010, Plaintiff's charges were *nolle prossed* and he was

released from jail, allegedly because on June 24, 2010, the DNA sample analyzed in this case

was found to have matched another person. (¶¶ 144-45.)

**B.** **Plaintiff's Allegations Against the State's Attorney Defendants**.

**1.** **Waller only.**

Waller was the elected Lake County State's Attorney who was allegedly "responsible for

supervising prosecutions." (¶ 16.) During Plaintiff's interrogation, Waller allegedly "was acting

in an investigatory capacity rather than in the capacity of an advocate." (¶ 110.) On August 4,

2010, the day he *nolle prossed* Plaintiff's charges, Waller stated "'he was not convinced that

Hobbs didn't have a role in the killings,' but 'he didn't believe the case could be proved beyond a

reasonable doubt.'" (¶¶ 145, 148.) Waller also stated: "I have studied this case and I don't

believe law enforcement did anything wrong." (¶ 149.)

**2.** **Pavletic only.**

Pavletic was an assistant state's attorney (¶ 18) who, on July 7, 2010, allegedly stated that

"its [sic] not unusual to have some unrelated DNA evidence in a case like this. It is not

necessarily a case breaker." (¶ 146.)

### 3. Mermel only.

Mermel was an assistant state's attorney (¶ 17) who Plaintiff alleges "was involved in introducing Jerry's fabricated confession at the motion to suppress."  (¶ 122.)  Mermel allegedly made false statements about sperm found on Laura's body (¶¶ 138-39), and also made unidentified misrepresentations at a December 2, 2008, court hearing.  (¶ 142.)

### 4. Pavletic and Mermel jointly.

Pavletic and Mermel allegedly made false statements throughout Plaintiff's prosecution (¶ 137) and after the prosecution ended that evidence demonstrated Plaintiff was guilty.  (¶ 150.)

### 5. Waller and Pavletic jointly.

Waller and Pavletic were present during the videotaping of Plaintiff's allegedly false confession; "ratified the actions of the defendant officers in the interrogation"; were referred to by the police defendants as their "bosses"; met with defendant Schletz during Plaintiff's interrogation and "were aware of the events that occurred during the interrogation"; and knew defendant Derken told the Crime Lab not to do DNA testing.  (¶¶ 110-11, 123.)

### 6. Waller, Pavletic and Mermel jointly.

Plaintiff alleges  "the defendant prosecutors" did not disclose a videotape to defense counsel during the prosecution; were briefed about all the developments in the case;  knew Plaintiff's coerced statement was false and concealed that fact so the prosecution could continue; failed to dismiss the charges after DNA testing; "controlled and directed" the investigation and the Crime Lab; acted in bad faith; and maliciously made defamatory and false statements about Plaintiff.  (¶¶ 105, 110, 112, 116, 118, 125, 200-02.)

4

### C.      Allegations Against Lake County.

Plaintiff alleges Lake County is a governmental entity liable for the wrongful acts of the State's Attorney Defendants "pursuant to its statutory obligation to indemnify them."  (¶¶ 20-21.)

## STANDARDS FOR MOTION TO DISMISS

The State's Attorney's Defendants and Defendant Lake County move to dismiss all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), which challenges a complaint for failure to state a claim upon which relief may be granted.  *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997).  In ruling on such a motion, the court accepts as true the well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor.  *Nixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002).  The complaint must provide the defendant with fair notice of the claim's basis, and must also establish that the requested relief is plausible on its face.  *Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  As the Seventh Circuit has summarized, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim," and "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

Defendants also move to dismiss Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(1), which requires the court to dismiss a matter over which it lacks subject matter jurisdiction.  "A motion to dismiss pursuant to Rule 12(b)(1) is reviewed under the same

5

standards as a Rule 12(b)(6) motion to dismiss, except that, when determining subject matter jurisdiction, the court may look beyond the allegations of the complaint and view other submitted evidence." *Johnson v. Joliet Junior College,* 2007 WL 1119215, at *2 (N.D. Ill. April 10, 2007).

## ARGUMENT

I.  **PLAINTIFF'S FEDERAL FAILURE TO INTERVENE CLAIM (COUNT IV) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY.**

A.  **Count IV is Time-Barred.**

Claims for "failure to intervene" require an underlying constitutional violation. *See, e.g., Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005); *Gordon v. Devine,* 2008 WL 4594354, at *6 (N.D. Ill. Oct. 14, 2008). Here, Plaintiff alleges the State's Attorney Defendants failed to intervene to prevent the constitutional violations committed by the police defendants in allegedly coercing Plaintiff's confession as described in Counts I through III. (¶ 176.) Counts I through III, however, are all time-barred and are not saved by Plaintiff's allegations of "fraudulent concealment." *See* "Joint Memorandum of All Law Enforcement Defendants" filed by Defendant Kevin Harris, Dkt. 79, at 4-15, 17-20.[2] For the same reasons, Count IV is also time-barred and should be dismissed. *See Gordon,* 2008 WL 4594354, at *6 (claim of failure to intervene which is tied to time-barred constitutional violations is also time-barred).[3]

---

[2] For the sake of efficiency and conservation, the State's Attorney Defendants and Lake County adopt and incorporate by reference the arguments contained in the Joint Memorandum.

[3] Counts I-III also fail for other reasons: Count I ("Fourteenth Amendment") is duplicative of Counts II and III, Count II ("Substantive Due Process") is precluded by the availability of explicit constitutional and state law remedies, and the Fifth Amendment claim in Count III is barred by qualified immunity. *See* "Joint Memorandum" at 20-27. If any of the constitutional violations alleged in Counts I-III is dismissed, Count IV also fails to the extent it is based on the failed constitutional violation.

**B.     Count IV Fails to State a Claim Because Prosecutors Do Not Have a Duty to Intervene with Police.**

Plaintiff alleges that "one or more of the Defendants stood by without intervening to prevent the misconduct." (¶ 176.)  Because plausible claims must be alleged against each individual defendant, this method of "group pleading" is not sanctioned by Fed. R. Civ. P. 8(a).  *See, Beaman v. Souk*, No. 10-CV-1019, 2011 WL 832506, at **5, 12 (C.D. Ill. March 3, 2011) (court dismissed similar failure to intervene allegation as a "conclusory statement . . . not entitled to weight").  Here, Plaintiff's conclusory allegations likewise fail to plausibly notify the State's Attorney Defendants of the specific failure to intervene claim against each of them individually.

Even if Plaintiff provided more specific allegations, however, his claim still fails because "neither the Seventh Circuit, nor any Northern District of Illinois court, has recognized a failure to intervene claim against a prosecutor." *Gordon*, 2008 WL 4594354, at *17.  Prosecutors have different roles and powers than police; consequently, the former do not have a duty to intervene with the latter. *Andrews v. Burge*, 660 F. Supp. 2d 868, at 876 n.6 (N.D. Ill. 2009); *cf. Anderson v. Simon*, 217 F.3d 472, 476 (7th Cir. 2000) ("police are not obligated to adhere to the suggestions of the state's attorney's office, a separate and distinct organization with no command authority" over the police department).

**C.     Count IV is Barred by Principles of Absolute Prosecutorial Immunity.**

The Supreme Court recognized absolute immunity for prosecutors in §1983 suits in *Imbler v. Pachtman,* 424 U.S. 409, 425-26 (1976), where the Court explained the importance of extending absolute immunity to prosecutors:

> Frequently acting under serious constraints of time and even information, a prosecutor makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials . . . If prosecutors were hampered in exercising their judgment . . . by concern about resulting personal liability, the triers of fact in criminal cases often would be denied relevant evidence.

As a result of these considerations, the Court held that prosecutors are immune from civil suits for damages under §1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 426. Prosecutors are entitled to absolute immunity for any actions they take as advocates of the State at trial, "even if they present unreliable or wholly fictitious proofs." *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) ("*Buckley IV*," on remand from *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) ("*Buckley III*")); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (absolute immunity applies even when prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence"). "Prosecutorial immunity does not simply apply to the bringing of charges and the presentment of the state's case. 'Preparation, both for the initiation of the criminal process and for trial, may require the obtaining, reviewing, and evaluating of evidence.'" *Patterson v. Burge*, 2010 WL 3894438, at *8 (N.D. Ill. Sept. 27, 2010), *citing Imbler*, 424 U.S. at 431 n.33. A prosecutor's role as an advocate for the State involves "actions preliminary to the initiation of a prosecution" and "include the professional evaluation of the evidence assembled by the police." *Buckley III,* 509 U.S. at 273; *see, e.g., Hunt v. Jaglowski,* 926 F.2d 689, 692-93 (7th Cir. 1991) (prosecutor's taking suspect's statement after interrogation by police considered part of a prosecutor's advocacy role). Even where prosecutors engage in some forms of investigatory conduct, the Seventh Circuit has found absolute immunity applies where it is "the sort of preliminary pre-

8

prosecution activity that directly relates to the advocate's role." *Srivastava v. Newman*, 12 Fed.

Appx. 369, 372 (7th Cir. 2001); *see also Sanders v. Taylor*, 3 Fed. Appx. 561, 562-63 (7th Cir.

2001) (recognizing prior holdings that actions within the confines of discovery are entitled to

absolute immunity).

  "An exception to prosecutorial immunity exists when prosecutors perform functions

normally performed only or mainly by a police officer." *Andrews*, 660 F. Supp. 2d at 875-76,

*citing Buckley III*, 509 U.S. at 273-74. Absolute immunity does not apply when prosecutors' acts

are "investigatory or administrative in nature" and "unrelated to the preparation and initiation of

judicial proceedings." *Burns v. Reed,* 500 U.S. 478, 490-91 (1991); *Smith,* 346 F.3d at 742.

  Here, Plaintiff alleges that only Waller "was acting in an investigatory capacity rather

than in the capacity of an advocate" (¶ 110); there are no such allegations against Mermel or

Pavletic. Furthermore, the allegations that Waller acted in an "investigatory capacity" are far too

sketchy, speculative, formulaic, and conclusory to survive a motion to dismiss. Using only

formulaic buzzwords alleging they "controlled and directed" the police officers (¶¶ 110-12),

Plaintiff provides no who/what/when/where/how allegations that plausibly claim that Defendant

Waller performed any function normally performed only or mainly by police officers, or did

anything other than initiate and present the State's case as an advocate. Thus, Plaintiff's

allegations are insufficient to withstand a motion to dismiss. *See Beaman*, 2011 WL 832506, at

*9 (dismissing §1983 claim against prosecutors because the vague allegations they acted like

investigators were "merely conclusory" and only applied "labels").

## II.  PLAINTIFF'S FEDERAL CONSPIRACY CLAIM (COUNT V) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY.

### A.  Count V is Time-Barred.

 "A civil conspiracy claim accrues when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action."  *See, e.g., Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1992).  For the same reasons discussed *supra* at Section I.A, Count V is time-barred.[4]

### B.  Count V Fails to Plead the Elements of Conspiracy.

Plaintiff attempts to "group plead" a conspiracy by describing the actions of "Defendants" generally, without specific reference to what acts each State's Attorney defendant allegedly performed; worse, Count V's allegations are vague, conclusory and formulaic, and must be dismissed on those bases.  *See Beaman*, 2011 WL 832506, at **11-12 (dismissing "patently insufficient" conspiracy claim because "merely using the phrase 'conspiracy' does nothing to place the individual Defendants on notice of such a claim"); *Carillo v. Chambers,* 2007 WL 257634 (N.D. Ill. Jan. 22, 2007) (dismissing "bare allegations of conspiracy").  For instance, Plaintiff brings Count V pursuant to 42 U.S.C. §1985, which consists of three separate subsections, each of which prohibits a distinct type of conspiracy.  Here, Plaintiff not only fails to allege under which subsection he brings his §1985 claim, but he also fails to plausibly describe any such conspiracies involving the State's Attorney Defendants or to include any allegations

---

[4] Like the failure to intervene claim in Count IV, a civil conspiracy claim also "rises and falls" with Plaintiff's other constitutional claims.  *Woodruff v. Mason,* 542 F.3d 545, 550 n.5 (7th Cir. 2008). Thus, if any of the constitutional violations alleged in Counts I-III is dismissed, Count V also fails to the extent it is based on the failed constitutional violation.

sufficiently apprising each State's Attorney defendant of what he supposedly did to act in a §1985 conspiracy. *See Taylor-Hudgins v. Spurgeon,* 2004 WL 828093, at **2-3 (S.D. Ind. March 3, 2004) (dismissal for failing to plead specific subsection or elements of §1985 conspiracy).

> ### C. The State's Attorney Defendants Have Absolute Immunity.

While Plaintiff fails to identify any specific conspiratorial acts by any individual State's Attorney Defendant, Count V does allege a number of actions that allegedly furthered a conspiracy, some of which are presumably aimed at the State's Attorneys: "charging and prosecuting"; "misrepresentations to the grand jury and judges"; and "the presentation of knowingly false and incomplete evidence." (¶ 157.) As discussed *supra* at Section I.A.4, however, even if these allegations were true the State's Attorney Defendants would have absolute immunity. *See, e.g., Imbler,* 424 U.S. at 426 (prosecutors are absolutely immune for "initiating a prosecution and in presenting the State's case"); *Buckley III,* 20 F.3d at 795 (absolute immunity for prosecutors as advocates "before the grand jury and at trial even if they present unreliable or wholly fictitious proofs"); *Smith,* 346 F.3d at 742 (absolute immunity even when prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence").

### III. PLAINTIFF'S STATE LAW CLAIMS AGAINST THE STATE'S ATTORNEY DEFENDANTS ARE SUBJECT TO DISMISSAL FOR SEVERAL REASONS.

> ### A. Plaintiff's Malicious Prosecution Claim (Count VI) is Barred by Principles of Absolute Prosecutorial Immunity.

Count VI alleges that "Defendants initiated and/or continued" Plaintiff's prosecution "with malice." (¶186.) Prosecutors, however, have the same absolute immunity from Plaintiff's

11

state law claims as they do from his federal claims, with no exception for "malice." *See, e.g.,*

*Patterson,* 2010 WL 3894438, at *11 ("Illinois courts apply the prosecutorial immunity analysis

announced in *Imbler* and *Buckley*"); *Andrews,* 660 F. Supp. 2d at 879 (Illinois' rules governing

prosecutorial immunity are "at least as broad as those found in federal law"); *Fonseca v. Nelson*,

2009 WL 78144, at *7 (S.D. Ill. Jan. 12, 2009) (Illinois courts apply same principles as federal

courts to prosecutorial immunity); *Gordon*, 2008 WL 4594354, at **16-17 (extending

prosecutors' absolute immunity "even when the plaintiff alleges malice"); *Hughes v. Krause,*

2008 WL 2788722, at **1-2 (N.D. Ill. July 17, 2008) (on reconsideration, prosecutors entitled to

absolute immunity from state law claims with no exception for malice); *Barham v. McIntyre*,

2007 WL 1576484, at *8 (S.D. Ill. May 30, 2007) (concluding that Illinois Supreme Court would

follow federal law to "hold that absolute prosecutorial immunity extends to willful and malicious

conduct"); *White v. City of Chicago,* 861 N.E.2d 1083, 1088-89 (1st Dist. 2006) (relying on

*Imbler* and progeny to apply absolute immunity to prosecutors); *Weimann v. County of Kane*, 502

N.E.2d 373, 377 (2d Dist. 1986) ("law is clear" that prosecutors are immune from liability for

"activities intimately associated with the judicial phase of the criminal process"); *Coleson v.

Spomer,* 334 N.E.2d 344, 347 (5th Dist. 1975) (prosecutors entitled to absolute immunity).

Plaintiff's effort to save his state law malicious prosecution claim against the State's

Attorney Defendants by pleading malice is likely premised on *Beaman v. Souk*, No. 10-CV-1019,

2011 WL 832506, at **12-13 (C.D. Ill. March 3, 2011). There, the court granted absolute

immunity to prosecutors on federal claims, but denied immunity on state law claims based on an

"apparent discrepancy" between the case law cited above and *Aboufariss v. City of DeKalb,* 713

N.E.2d 804 (2d Dist. 1999). According to the *Beaman* court, "the Illinois Court of Appeals

12

analysis of a prosecutor's immunity is not based on federal law but rather on the doctrine of 'public official immunity,'" which, "while similar to absolute immunity in the federal sphere, has a caveat that actions taken by public officials with a 'malicious motive' are not subject to immunity." *Id.* at *12.

A closer reading of *Aboufariss,* however, reveals that it does not support the denial of absolute immunity to prosecutors on state law claims where a plaintiff alleges malice.[5] Initially, while *Aboufariss* referred generally to "public official immunity" in its discussion of immunity on state law claims (713 N.E.2d at 812), the court further explained that in applying immunity specifically to prosecutors, "[a] prosecutor acting within the scope of her prosecutorial duties enjoys immunity from civil liability, *the same immunity afforded to the judiciary.*" *Id.* (emphasis added).[6] Other than simply mentioning the malice exception to public official immunity generally, *Aboufariss* did not purport to incorporate that exception into principles of absolute immunity for prosecutors for acts within the scope of their traditional functions; indeed, the *Aboufariss* court held the prosecutor was immune from plaintiff's malicious prosecution claim for the same reasons the prosecutor was immune from plaintiff's §1983 claims. 713 N.E.2d at 812. Thus, *Aboufariss* (which predated the Illinois appellate court decision in *White*) does not undermine the State's Attorney Defendants' entitlement to absolute immunity from Plaintiff's malicious prosecution claim here. *See Gordon,* 2008 WL 4594354, at *16 (discussing

---

[5] The decision in *Beaman* is currently under reconsideration. *See* 10-CV-1019 at Dkt. No. 55.

[6] It is beyond dispute that judicial immunity in Illinois is absolute and unqualified. *See, e.g.,* *Generes v. Foreman,* 277 Ill. App. 3d 353, 356 (1st Dist. 1995) (judges are not liable in civil actions for their judicial acts, even where such acts "are alleged to have been done maliciously or corruptly").

*Aboufariss* and *White* in extending absolute immunity to prosecutors even where malice alleged);

*Hughes,* 2008 WL 2788722, at **1-2 (same); *Barham*, 2007 WL 1576484, at *8 (same).

**B.  Plaintiff's IIED Claim (Count VII) is Barred by Principles of Absolute Prosecutorial Immunity.**

For the same reasons discussed *supra* at Section II.A, Plaintiff's state law claim for IIED

is barred by the absolute immunity afforded to the State's Attorney Defendants.  *See, e.g.,*

*Patterson,* 2010 WL 3894438, at *11 (IIED claim, premised on same conduct underlying the

malicious prosecution claim, dismissed based on absolute immunity).

**C.  Plaintiff's Common Law Conspiracy Claim (Count VIII) is Insufficiently Pleaded and is Barred by Principles of Absolute Prosecutorial Immunity.**

**1.  Count VIII fails to sufficiently plead the elements of conspiracy.**

Plaintiff's state law allegations of conspiracy mimic his federal conspiracy allegations.

*Compare* ¶¶ 180-81 with ¶¶ 195-96.  Again, therefore, Plaintiff's allegations are vague,

conclusory and formulaic, and must be dismissed on the same bases as discussed *supra* at

Section II.B.  *See also, Beaman*, 2011 WL 832506, at *15 (dismissing state law conspiracy claim

for the same reasons as the federal claim).

**2.  Count VIII is barred by absolute immunity.**

For the same reasons discussed *supra* at Section III.A, Plaintiff's state law claim for

conspiracy is barred by absolute immunity.  *See, e.g., Patterson,* 2010 WL 3894438, at *11

(absolute immunity bars state law conspiracy claim); *Andrews,* 660 F. Supp. 2d at 877, 879 (state

claims including conspiracy dismissed based on absolute immunity); *Gordon*, 2008 WL

4594354, at **16-17 (same).

14

### D.     Plaintiff's Defamation Claims (Count IX) Are Either Barred by Absolute Privilege or Otherwise Fail to State a Claim.

Count IX purports to allege a claim of defamation against each of the State's Attorney Defendants. For a variety of reasons, however, Plaintiff's defamation claims should be dismissed.

### 1.     Waller.

Plaintiff alleges that on the day Waller *nolle prossed* the prosecution, he stated that "he was not convinced that Hobbs didn't have a role in the killings, but he didn't believe the case could be proved beyond a reasonable doubt." (¶ 148.) That statement is protected by the absolute executive privilege recognized by the Illinois Supreme Court in *Blair v. Walker,* 349 N.E.2d 385 (1976) (Governor is protected from defamation actions when issuing statements legitimately related to matters committed to his responsibility). In a similar context, in *Patterson v. Burge,* 328 F. Supp. 2d 878 (N.D. Ill. 2004), the Cook County State's Attorney and an Assistant State's Attorney publically condemned the plaintiff's pardon, referring to the plaintiff as "evil" and a "convicted murderer," and stating that plaintiff "was guilty of the murders." *Id.* at 885-86. The court dismissed plaintiff's defamation claim, holding that "[p]rosecutors in the Illinois State's Attorney's Office have an absolute privilege to comment on issues within the scope of their employment" and that "commenting to the public on criminal cases" is within the scope of a prosecutor's employment. *Id.* at 902, relying on *Ware v. Carey,* 394 N.E.2d 690, 693-97 (1st Dist. 1979) (extending *Blair*'s absolute executive privilege for public statements to state's attorneys).

15

Here, Waller's description of why Plaintiff's prosecution was *nolle'd* was indisputably and legitimately related to matters within the State's Attorney's duties, and Plaintiff nowhere alleges otherwise; furthermore, the rationale behind the absolute executive privilege fully applies. *See Barr v. Matteo,* 360 U.S. 564, 571 (1959) (absolute privilege applied to acting director's press release announcing reasons for employees' suspensions); *Blair,* 349 N.E.2d at 389 (Governor has inherent, discretionary authority to inform the public of the actions he has taken, and despite the potential for libel, the effective functioning of a free government depends largely on informed public opinion); *Ware,* 394 N.E.2d at 696-97 (State's Attorney's press release legitimately related to responsibilities as leader of law enforcement community to inform the public about issues of importance); *Hartigan v. Knecht Services Inc.*, 575 N.E.2d 1378, 1390-91 (2d Dist. 1991) (the Attorney General "must be allowed to keep public informed of his actions without fear of personal liability"); *see also, Klug v. Chicago School Reform Bd. of Trustees,* 197 F.3d 853, 861 (7th Cir. 1999) (Illinois officials' immunity from defamation claims is not overcome by knowledge of statement's falsity or by improper motivation, including malice).

Plaintiff also alleges that after the prosecution had ended, Waller stated "I have studied this case and I don't believe law enforcement did anything wrong." (¶149.) This statement fails to support a defamation claim for at least two reasons.[7] First, the statement is not about the Plaintiff. *See Green v. Rogers,* 917 N.E.2d 450, 459 (2009) (defamatory statement must be "about the plaintiff"); *Schivarelli v. CBS, Inc.*, 776 N.E.2d 693, 701 (1st Dist. 2002) (an

---

[7] Waller's statement may also be privileged, depending on the context and circumstances in which it was given. *See Ware,* 394 N.E.2d at 696-97. If dismissal is not otherwise ordered, Waller is entitled to a more definite statement pursuant to Fed. R. Civ. P. 12(e). *See Emery v. Northeast Illinois Regional Commuter Railroad Corp.,* 2003 WL 22176077, at *8 (N.D. Ill. Sept. 18, 2003) (granting motion for more definite statement).

"essential element" of a defamation claim is that "the challenged statement be 'of and concerning the plaintiff'"). In Paragraph 149, there is nothing about, of or concerning Plaintiff, who is not mentioned or named; rather, the focus of the statement is on "law enforcement." *See, Schivarelli*, 776 N.E.2d at 701-02 (affirming dismissal of defamation claim where statements did not mention plaintiffs); *Klug,* 197 F.3d at 860 (it is "doubtful" that statements which do not name plaintiff are defamatory); *Vantassell-Matin v. Nelson,* 741 F. Supp. 698, 708-09 (N.D. Ill. 1990) (dismissing defamation claim where statements were not "of and concerning" plaintiffs).

Secondly, Waller's statement is protected opinion. In *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 18-20 (1990), the Supreme Court held that the First Amendment protects statements of opinion "that cannot be reasonably interpreted as stating actual facts." Illinois has adopted the *Milkovich* test, which focuses on whether the allegedly defamatory statement is an objectively verifiable assertion. *Schivarelli,* 776 N.E.2d at 698. Whether a statement is constitutionally protected speech is a matter of law for the court to decide. *Id.* A statement that is "too broad, conclusory, and subjective to be objectively verifiable," is a non-actionable opinion. *Id.* at 699; *see also, Lifton v. Bd. of Educ. of City of Chicago,* 416 F.3d 571, 579 (7th Cir. 2005) (vague, unprovable statements do not give rise to a defamation claim); *Republic Tobacco v. North Atlantic Trading,* 381 F.3d 717, 727 (7th Cir. 2004) (expressing subjective view non-actionable).

Here, Waller's alleged statement expresses a subjective view that he did not believe law enforcement "did anything wrong," which is a vague, broad, conclusory statement of opinion without any specific factual context; as such, it is not actionable. *Schivarelli,* 776 N.E.2d at 699; *see also Hopewell v. Vitullo,* 701 N.E.2d 99, 107 (1st Dist. 1998) (finding statement was non-actionable opinion and observing that "all opinions imply facts; however, the vaguer and more

17

generalized the opinion, the more likely the opinion is non-actionable as a matter of law");

*Manjarres v. Nalco Co.,* 2010 WL 918072, at **2-5 (N.D. Ill. March 9, 2010) (dismissing

defamation claim based on non-actionable opinions, citing *Hopewell*).

### 2.  Mermel and Pavletic.

After the prosecution ended, Mermel and Pavletic allegedly advised news organizations

that evidence demonstrated Plaintiff was guilty. (¶ 150.) "For defamation claims, federal courts

require a plaintiff to plead defamation "with some specificity" and to plead "the alleged

defamatory words published or spoken by the defendant." *Emery v. Northeast Illinois Regional

Commuter Railroad Corp.,* 2003 WL 22176077, at *7 (N.D. Ill. Sept. 18, 2003) (citations

omitted). The Illinois Supreme Court has held a complaint need not state the allegedly

defamatory words verbatim, but "the substance of the statement must be pled with sufficient

precision and particularity so as to permit initial judicial review of its defamatory content" and so

the defendant can identify potential defenses. *Green,* 917 N.E.2d at 459.

Here, Plaintiff has pleaded absolutely nothing regarding the content of the allegedly

defamatory statements. Neither this Court nor the defendants can therefore review the alleged

statements, which may be non-actionable for a variety of reasons; as it is, however, Plaintiff's

defamation claims against Mermel and Pavletic must be dismissed for "a lack of precision and

particularity, plain and simple." *Id.*, 917 N.E.2d at 463.

Finally, Plaintiff alleges that on July 7, 2010, Pavletic stated "it's not unusual to have

some related DNA evidence in a case like this. It is not necessarily a case breaker." (¶146.)

This allegation is not defamatory for several reasons discussed above: (a) because the statement

predates the end of the case, it is absolutely immunized under *Imbler* and *White* since it was

18

associated with the continuation of the prosecution; (b) it is privileged under *Ware*, which has been extended to lower level public officials such as assistant state's attorneys (*see Morton v. Hartigan,* 495 N.E.2d 1159, 1164-65 (1st Dist. 1986)); (c) it is not "of and concerning" Plaintiff; and, (d) it is opinion.

> **E.      Plaintiff's Fraudulent Concealment Claim (Count X) Fails to State a Claim.**

Count X must be dismissed because 735 ILCS 5/13-215 does not create a cause of action, and because Plaintiff's conclusory and formulaic claim that the Defendants somehow caused him to file his lawsuit past the statute of limitations is not plausible on its face. On these points, the State's Attorney Defendants adopt and incorporate by reference the Joint Memorandum at 17-20.

## IV.      THE STATE LAW CLAIMS MUST BE DISMISSED UNDER RULE (12)(b)(1) BASED ON THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY.

A state's immunity from suit is a fundamental aspect of its sovereignty. *Alden v. Maine,* 527 U.S. 706, 713 (1999). This immunity is recognized in the Eleventh Amendment, which provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment "forbids the federal courts to entertain diversity suits against states and thus is clearly jurisdictional." *Higgins v. Mississippi,* 217 F.3d 951, 953 (7th Cir. 2000).[8]

State sovereign immunity rules also apply to state law causes of action brought in federal court against state officials. *Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003). In 1970,

---

[8] The Eleventh Amendment itself does not explicitly provide for immunity when a citizen sues his resident state; however, the Supreme Court has extended state sovereignty to bar federal courts from hearing suits against a state by one of its own citizens. *Hans v. Louisiana,* 134 U.S. 1, 21 (1890).

Illinois ratified a new constitution which abolished sovereign immunity except as provided by the

General Assembly; at the same time, the General Assembly enacted the Court of Claims Act (705

ILCS 505/1 *et seq.* (West 1994)), which gave the Illinois Court of Claims exclusive jurisdiction

to hear, *inter alia,* "all claims against the State for damages in cases sounding in tort . . ." *Sneed*

*v. Howell,* 716 N.E.2d 336, 339-40 (5th Dist. 1999), citing 705 ILCS 505/8(d) (West 1994).  And

in *Garcia v. City of Chicago,* 24 F.3d 966, 969 (7th Cir. 1994), the Seventh Circuit noted that the

Illinois Supreme Court held that Illinois state's attorneys are state officials, citing *Ingemunson v.*

*Hedges,* 549 N.E.2d 1269, 1272 (1990); *see also, McGrath v. Gillis,* 44 F.3d 567, 571 (7th Cir.

1995) (same).  Thus, a suit against a state's attorney in Illinois is treated as a suit against the

State.  *See, e.g., Carillo v. Chambers,* 2007 WL 257634, at **3-4 (N.D. Ill. Jan. 22, 2007).

Against that backdrop, the state law claims against the State's Attorney Defendants must be

dismissed here and brought in the Illinois Court of Claims.  *See, e.g., Brooks,* 578 F.3d at 580

(dismissing state law malicious prosecution claim against defendants including assistant state's

attorneys because it was barred by sovereign immunity); *Redd v. Dougherty,* 578 F. Supp. 2d

1042, 1056 (N.D. Ill. 2008) (state law claims against assistant state's attorney dismissed without

prejudice to being raised in Illinois' Court of Claims); *Young v. Rogers,* 2008 WL 5235366 (N.D.

Ill. Dec. 15, 2008) (sovereign immunity barred state law claims against assistant state's attorney);

*White,* 861 N.E.2d at 1095-96 (exclusive jurisdiction over tort claims against state's attorneys

lies in Court of Claims); *Price v. State,* 820 N.E.2d 104, 107 (1st Dist. 2004) (circuit court lacks

subject matter jurisdiction over state law tort claims against state's attorney).

Thus, Plaintiff's state law claims against the State's Attorney Defendants must be

dismissed because they are barred by both the Eleventh Amendment and Illinois' sovereign

20

immunity rules. That Plaintiff alleges subject matter jurisdiction under 28 U.S.C. §1331 and also

diversity jurisdiction under 28 U.S.C. §1367 (*see* ¶¶ 2-3) does not matter; his state law claims

can only be brought in the Illinois Court of Claims. *Key v. Illinois Dept. of State Police,* 2006

WL 3229999, at *3 (S.D. Ill. Nov. 7, 2006).

## V. THE CLAIMS AGAINST LAKE COUNTY MUST BE DISMISSED.

### A. Count XI ("*Respondeat Superior*").

There is no *respondeat superior* liability on the part of Lake County for any of the State's

Attorney Defendants' alleged conduct, because the County is not their employer. In *Biggerstaff*

*v. Moran,* 671 N.E.2d 781, 784 (1st Dist. 1996)*,* the court held that the State's Attorney is a state

officer whose office was created under the Illinois constitution, and assistant state's attorneys are

officers who perform the general duties of the State's Attorney's Office; thus, the County "is not

vicariously liable" for the actions of a state's attorney or his assistants "under the *respondeat*

*superior* doctrine." *Id.*; *see also, Gordon,* 2008 WL 4594354, at * 18 (same).

Also, because the underlying claims against the State's Attorney Defendants fail, the

*respondeat superior* claim against the County must also fail. *See, e.g., Finwall v. City of*

*Chicago,* 490 F. Supp. 2d 918, 927 (N.D. Ill. 2007) (dismissing *respondeat superior* claim

against the municipal employer "because the underlying claims against the individual defendants

have been dismissed").

### B. Count XII ("Indemnification").

Plaintiff seeks recovery from Lake County on the basis of indemnification under 745

ILCS 10/9-102. (¶¶ 210, 213.) For the reasons discussed above, all of Plaintiff's claims against

the State's Attorney Defendants are subject to dismissal. Thus, there is no basis for

21

indemnification, and the County is entitled to dismissal of Count XII. *See Mosley v. City of Chicago*, 2009 WL 3097211, at *11 (N.D. Ill. Sept. 22, 2009), *citing* 745 ILCS 10/2-109 ("A local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.").

## CONCLUSION

For the foregoing reasons, and for the reasons discussed in the Joint Memorandum, the State's Attorney Defendants request that the federal claims against them in Counts IV and V be dismissed as barred by the statute of limitations and absolute prosecutorial immunity, as well as for failing to state a cause of action. The State's Attorney Defendants also request that the state law claims against them in Counts VI, VII, VIII, IX and X be dismissed pursuant to absolute prosecutorial immunity, absolute privilege, failure to state a cause of action, and lack of subject matter jurisdiction based on the Eleventh Amendment and sovereign immunity. Lake County also requests that the claims against it in Counts XI and XII be dismissed for failure to state a claim.

Dated: June 22, 2011

RESPECTFULLY SUBMITTED,

/s/James G. Sotos
James G. Sotos, Attorney No. 06191975
*One of the Attorneys for the State's Attorney Defendants and Lake County*

James G. Sotos
Elizabeth A. Ekl
Jeffrey N. Given
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, Illinois 60143
(630) 735-3300 (telephone)
(630) 773-0980 (facsimile)
jsotos@jsotoslaw.com

22

## <u>CERTIFICATE OF SERVICE</u>

       I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Wednesday, June 22, 2011, I electronically filed the foregoing **Memorandum in Support of Defendants Waller, Mermel, Pavletic and Lake County's Motion to Dismiss Plaintiff's Second Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys listed on the attached Service List.

                            /s/James G. Sotos

                            James G. Sotos, Attorney No. 06191975
                            *One of the Attorneys for the State's Attorney*
                            *Defendants and Lake County*

**SERVICE LIST**
**Hobbs v. Cappelluti, et al.**
**Case No. 10-cv-7649**

**Attorneys for Plaintiff**
Kathleen T. Zellner
Douglas H. Johnson
Anne Zellner Nolte
Kathleen T. Zellner & Associates.
2215 York Road, Suite 504
Oakbrook, IL 60523
(630) 955-1212
(630) 955-1111 (Fax)
kz1234@aol.com

**Attorneys for Defendants Andrew Jones and Village of Vernon Hills**
William C. Barasha
Michael E. Kujawa
Judge, James & Kujawa, Ltd.
422 North Northwest Highway, Suite 200
Park Ridge, IL 60068
(847) 292-1200
(847) 292-1208 (Fax)
Wbarasha@judgeltd.com
mkujawa@judgeltd.com

**Attorneys for Defendant Kevin Harris**
William W. Kurnik
Amanda M. Hillmann
Knight, Hoppe, Kurnik & Knight, Ltd.
5600 North River Road, Suite 600
Rosemont, IL 60018-5114
(847) 261-0700
(847) 261-0714 (Fax)
bkurnik@khkklaw.com
ahillmann@khkklaw.com

**Attorneys for Defendants Domenic Cappelluti, Charles Schletz, William Valko and The City of Waukegan**
Thomas G. DiCianni
Pedro Fregoso, Jr.
Ellen K. Emery
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, IL 60603
(312) 782-7606
tdicianni@ancelglink.com
pfregoso@ancelglink.com
eemery@ancelglink.com

**Attorney for Defendants Village of Buffalo Grove and Thomas Derken**
Paul A. Rettberg
Jason S. Callicoat
Brandon K. Lemley
Querrey & Harrow, Ltd.
175 West Jackson Boulevard, Suite 1600
Chicago, IL 60604-2827
(312) 540-7040
(312) 540-0578
prettberg@querrey.com
jcallicoat@querrey.com
blemley@querrey.com

**Attorneys for Defendant City of Zion**
Clifford G. Kosoff
Julie A. Hofherr Bruch
Benjamin M. Jacobi
O'Halloran, Kosoff, Helander & Geitner, P.C.
650 Dundee Road, Suite 475
Northbrook, IL 60062
(708) 291-0200
ckosoff@okgc.com
jbruch@okgc.com
bjacobi@okgc.com

**Attorneys for Defendants Mark C. Curran, Timothy Jonites and Robert Dever**
Terry A. Ekl
Vincent C. Mancini
Patrick L. Provenzale
Tracy Stanker
Ekl Williams & Provenzale LLC
901 Warrenville Road, Suite 175
Lisle, Illinois 60532
(630) 654-0045
(630) 654-0150 (fax)
tekl@eklwilliams.com
vmancini@eklwilliams.com
pprovenzale@eklwilliams.com
tstanker@eklwilliams.com

25