## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JERRY HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 c 7649 |
| | ) | |
| v. | ) | Honorable Joan Humphrey Lefkow |
| | ) | |
| DOMINIC CAPPELLUTI, et al., | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS WALLER, MERMEL, PAVLETIC AND LAKE COUNTY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT[1]

Dated: August 31, 2011

/s/James G. Sotos
James G. Sotos, Attorney No. 06191975
*One of the Attorneys for the State's Attorney*
*Defendants and Lake County*

James G. Sotos
Elizabeth A. Ekl
Jeffrey N. Given
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, Illinois 60143
(630) 735-3300 (telephone)
(630) 773-0980 (facsimile)
jsotos@jsotoslaw.com

---

[1] Defendants previously received leave to file an oversized brief of up to 25 pages. *See* Dkt. 92.

# TABLE OF CONTENTS

**Page**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF PLAINTIFF'S ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    General Allegations Applicable to All Defendants. . . . . . . . . . . . . . . . . . . . . . 2

    B.    Specific Allegations Against the State's Attorney Defendants... . . . . . . . . . . . . 3

        1.    Allegations against Waller only. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2.    Allegations against Mermel only. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        3.    Allegations against Waller and Pavletic jointly. . . . . . . . . . . . . . . . . . . . 4

        4.    Waller, Pavletic and Mermel jointly. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STANDARDS FOR MOTION TO DISMISS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.    PLAINTIFF'S FEDERAL COERCED CONFESSION CLAIM (COUNT I) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY. . . . . . . . . . . . . . . . . 6

        A.    Count I is Time-Barred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    Count I is Duplicative of Counts II and III. . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C.    Count I Fails to State a Claim Against the State's Attorney Defendants. . . 6

        D.    Count I is Barred by Principles of Absolute Prosecutorial Immunity. . . . . 7

            1.    Legal principles underlying absolute prosecutorial immunity. . . . . 7

            2.    The State's Attorney Defendants are entitled to absolute immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    II.    PLAINTIFF'S FEDERAL PROCEDURAL DUE PROCESS CLAIM (COUNT III) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY. . . . . . . . . . . . . . . . . 11

# TABLE OF CONTENTS CONT.

A.  Count III is Time-Barred... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

B.  Count III Fails to State a Claim Against the State's Attorney Defendants and is Barred by Principles of Absolute Prosecutorial Immunity. . . . . . . 11

III.  PLAINTIFF'S FEDERAL FAILURE TO INTERVENE CLAIM (COUNT IV) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY... . . . . . . . . . . . . . . . 12

A.  Count IV is Time-Barred.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B.  Count IV Fails to State a Claim Because it is Insufficiently Pleaded and Because Prosecutors Do Not Have a Duty to Intervene with Police. . . . . 13

C.  Count IV is Barred by Principles of Absolute Prosecutorial Immunity.. . 13

IV.  PLAINTIFF'S FEDERAL CONSPIRACY CLAIM (COUNT V) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY... . . . . . . . . . . . . . . . . . . . . . . . . . 13

A.  Count V is Time-Barred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

B.  Count V Fails to Plead the Elements of Conspiracy... . . . . . . . . . . . . . . 14

C.  The State's Attorney Defendants Have Absolute Immunity. . . . . . . . . . . 14

V.  PLAINTIFF'S FEDERAL MALICIOUS PROSECUTION CLAIM (COUNT VI) FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VI.  PLAINTIFF'S FEDERAL "ACCESS TO COURT" CLAIM (COUNT X) FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY AND BY QUALIFIED IMMUNITY. . . . . . . . . . 15

VII.  PLAINTIFF'S STATE LAW CLAIMS AGAINST THE STATE'S ATTORNEY DEFENDANTS ARE SUBJECT TO DISMISSAL FOR SEVERAL REASONS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

A.  Plaintiff's Malicious Prosecution Claim (Count XI) is Barred by Principles of Absolute Prosecutorial Immunity... . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF CONTENTS CONT.

B.      Plaintiff's IIED Claim (Count XII) is Barred by Principles of Absolute Prosecutorial Immunity, and is Time-Barred. . . . . . . . . . . . . . . . . . . . . . 17

C.      Plaintiff's Common Law Conspiracy Claim (Count XIII) is Insufficiently Pleaded and is Barred by Principles of Absolute Prosecutorial Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

      1.      Count XIII fails to sufficiently plead the elements of conspiracy. .17

      2.      Count XIII is barred by absolute immunity. . . . . . . . . . . . . . . . 17

D.      Plaintiff's False-Light Claim Against Waller (Count XV) Is Barred by Absolute Privilege and Otherwise Fails to State a Claim. . . . . . . . . . . . . 18

      1.      Waller's press conference statement is absolutely privileged. . . . 19

      2.      Waller's statement that law enforcement did nothing wrong is not "of or concerning" Plaintiff, and is a constitutionally protected opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

VIII.      THE STATE LAW CLAIMS MUST BE DISMISSED UNDER RULE (12)(b)(1) BASED ON THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

IX.      THE CLAIMS AGAINST LAKE COUNTY MUST BE DISMISSED. . . . . . . . . 24

      A.      Count XVI ("Indemnification"). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

      B.      Count XVII ("*Respondeat Superior*"). . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Alden v. Maine,* 527 U.S. 706 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Anderson v. Simon,* 217 F.3d 472 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Andrews* v. *Burge,* 660 F. Supp. 2d 868 (N.D. Ill. 2009). . . . . . . . . . . . . . . . . . . 9-10, 13, 16-17

*Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Barr v. Matteo,* 360 U.S. 564 (1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Barham v. McIntyre,* 2007 WL 1576484 (S.D. Ill. May 30, 2007) . . . . . . . . . . . . . . . . . . . . . 16

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Beaman v. Souk,* No. 10-CV-1019, 2011 WL 832506 (C.D. Ill. March 3, 2011). . . . . 6, 13, 14, 17

*Biggerstaff v. Moran,* 671 N.E.2d 781 (1st Dist. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . 24-25

*Blair v. Walker,* 349 N.E.2d 385 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-20

*Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6, 17, 23

*Buckley v. Fitzsimmons,* 509 U.S. 259 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9, 16

*Burns v. Reed,* 500 U.S. 478 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Carillo v. Chambers,* 2007 WL 257634 (N.D. Ill. Jan. 22, 2007). . . . . . . . . . . . . . . . . . . . 14, 23

*Coleson v. Spomer,* 334 N.E.2d 344 (5th Dist. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Finwall v. City of Chicago,* 490 F. Supp. 2d 918 (N.D. Ill. 2007). . . . . . . . . . . . . . . . . . . . . . 25

*Fonseca v. Nelson,* 2009 WL 78144 (S.D. Ill. Jan. 12, 2009). . . . . . . . . . . . . . . . . . . . . . . . . 16

*Garcia v. City of Chicago,* 24 F.3d 966 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074 (7th Cir. 1997). . . . . . 5

*Gordon v. Devine,* 2008 WL 4594354 (N.D. Ill. Oct. 14, 2008). . . . . . . . . . . . . 12-13, 16-17, 25

*Green v. Rogers,* 917 N.E.2d 450 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Hans v. Louisiana,* 134 U.S. 1 (1890). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Harper v. Albert,* 400 F.3d 1052 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hartigan v. Knecht Services Inc.,* 575 N.E.2d 1378 (2d Dist. 1991). . . . . . . . . . . . . . . . . . 20

*Higgins v. Mississippi,* 217 F.3d 951 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Hildebrandt v. Illinois Dep't of Natural Resources,* 347 F.3d 1014 (7th Cir. 2003). . . . . . . . . . . 7

*Hopewell v. Vitullo,* 701 N.E.2d 99 (1st Dist. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Hughes v. Krause,* 2008 WL 2788722 (N.D. Ill. July 17, 2008). . . . . . . . . . . . . . . . . . . . . . 16

*Hunt v. Jaglowski,* 926 F.2d 689 (7th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*Imbler v. Pachtman,* 424 U.S. 409 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8, 16

*Ingemunson v. Hedges,* 549 N.E.2d 1269 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Johnson v. Joliet Junior College,* 2007 WL 1119215 (N.D. Ill. April 10, 2007). . . . . . . . . . . . 5

*Key v. Illinois Dept. of State Police,* 2006 WL 3229999 (S.D. Ill. Nov. 7, 2006). . . . . . . . . . . 24

*Kitchen v. Burge,* 10 C 4093, -F. Supp. 2d-, 2011 WL 1485301 (N.D. Ill. April 19, 2011). . . . . 10

*Klug v. Chicago School Reform Bd. of Trustees,* 197 F.3d 853 (7th Cir. 1999). . . . . . . . . . 20, 21

*Layne v. Builders Plumbing Supply Co., Inc.* 569 N.E.2d (2d Dist. 1991). . . . . . . . . . . . . . . . . 19

*Lifton v. Bd. of Educ. Of City of Chicago,* 416 F.3d (7th Cir. 2005.). . . . . . . . . . . . . . . . . . . 22

*Lovgren v. Citizens First National Bank of Princeton,* 534 N.E.2d 987 (Ill. 1989). . . . . . . . . . 18

*Manjarres v. Nalco Co.,* 2010 WL 918072 (N.D. Ill. March 9, 2010) . . . . . . . . . . . . . . . . . . 22

*McGrath v. Gillis,* 44 F.3d 567 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Mosley v. City of Chicago,* 2009 WL 3097211 (N.D. Ill. Sept. 22, 2009). . . . . . . . . . . . . . . . 24

*Muzikowski v. Paramount Pictures Corp.,* 477 F.3d 899 (7th Cir. 2007) . . . . . . . . . . . . . . . . 21

*Nixon v. Page,* 291 F.3d 485 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Omosegbon v. Wells,* 335 F.3d 668 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Patterson v. Burge,* 328 F. Supp. 2d 878 (N.D. Ill. 2004). . . . . . . . . . . . . . . . . . 8, 10, 16-17, 19, 20

*Price v. State,* 820 N.E.2d 104 (1st Dist. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Redd v. Dougherty,* 578 F. Supp. 2d 1042 (N.D. Ill. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Sanders v. Taylor,* 3 Fed. Appx. 561 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schaffer v. Zekman,* 554 N.E. 2d 988 (1st Dist. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Schivarelli v. CBS, Inc.,* 776 N.E.2d 693 (1st Dist. 2002). . . . . . . . . . . . . . . . . . . . . . . . . 18, 21, 22

*Smith v. Power,* 346 F.3d 740 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sneed v. Howell,* 716 N.E.2d 336 (5th Dist. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Srivastava v. Newman,* 12 Fed. Appx. 369 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Taylor-Hudgins v. Spurgeon,* 2004 WL 828093 (S.D. Ind. March 3, 2004). . . . . . . . . . . . . . . . 14

*United States v. Keeter,* 130 F.3d 297 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Spilmon,* 454 F.3d 657 (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Vantassell-Matin v. Nelson,* 741 F. Supp. 698 (N.D. Ill. 1990). . . . . . . . . . . . . . . . . . . . . . . . . 21

*Ware v. Carey,* 394 N.E.2d 690 (1st Dist. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Weimann v. County of Kane,* 502 N.E.2d 373 (2d Dist. 1986) . . . . . . . . . . . . . . . . . . . . . . . . .16

*White v. City of Chicago,* 861 N.E.2d 1083 (1st Dist. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 16, 23

*Wilson v. Giesen,* 956 F.2d 738 (7th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

*Woodruff v. Mason,* 542 F.3d 545 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Young v. Rogers,* 2008 WL 5235366 (N.D. Ill. Dec. 15, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . 23

**<u>Statutes</u>**

705 ILCS 505/8(d) (West 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

745 ILCS 10/9-102.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

745 ILCS 10/2-109.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 c 7649 |
| | ) | |
| v. | ) | Honorable Joan Humphrey Lefkow |
| | ) | |
| DOMINIC CAPPELLUTI, et al., | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS WALLER, MERMEL,
PAVLETIC AND LAKE COUNTY'S MOTION TO DISMISS
<u>PLAINTIFF'S THIRD AMENDED COMPLAINT</u>**

**INTRODUCTION**

Plaintiff's federal civil rights and state law claims against Defendants Lake County
State's Attorney Michael Waller and Assistant State's Attorneys Michael Mermel and Jeff
Pavletic ("State's Attorney Defendants") arise from their alleged involvement in the
investigation, arrest, and prosecution of Plaintiff for the May, 2005 murders of his daughter
Laura Hobbs and her friend Krystal Tobias.  Plaintiff claims the State's Attorney Defendants, in
conjunction with the police Defendants, coerced him into falsely confessing to the murders and
then prosecuted him on that basis.  Plaintiff further alleges the State's Attorney Defendants
delayed DNA testing and wrongfully failed to timely dismiss the criminal charges after obtaining
DNA results excluding Plaintiff.  Plaintiff also alleges Defendants Mermel and Waller made
statements that were defamatory and put him in a false light.

Plaintiff's Third Amended Complaint purports to assert federal claims against the State's
Attorney Defendants for "coerced confession"(Count I); "procedural due process" (Count III);
"failure to intervene" (Count IV); "conspiracy" under 42 U.S.C. §1985 (Count V); "malicious

prosecution" (Count VI); and "deprivation of access to courts" (Count X). Those claims are all subject to dismissal for a combination of reasons, including (a) they are barred by the statute of limitations, (b) they are barred by the doctrine of absolute prosecutorial immunity, and (c) they otherwise fail to state a claim.

Plaintiff purports to set forth state law claims against the State's Attorney Defendants for malicious prosecution (Count XI ), intentional infliction of emotional distress (IIED) (Count XII), conspiracy (Count XIII), defamation against Mermel only (Count XIV), and "false light" against Waller only (Count XV). The Third Amended Complaint names Lake County as a defendant in Count XVI for indemnification and Count XVII for *respondeat superior*. Plaintiff's state law claims also fail for a variety of reasons including: (1) the State's Attorney Defendants are absolutely immune, (2) this Court has no subject matter jurisdiction over the state law claims against the State's Attorney Defendants, which are barred by the Eleventh Amendment and sovereign immunity, and (3) the claims against the County are derivative of the other claims against the State's Attorney Defendants, whose acts the County is not liable for under *respondeat superior*.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS[2]

### A.      **General Allegations Applicable to All Defendants**.

On the morning of May 9, 2005, Plaintiff discovered the murdered bodies of his eight-year-old daughter Laura and her nine-year-old friend Krystal. (¶¶ 56-62.) After being taken to the Zion police station, where he was under arrest, Plaintiff was transferred to the Waukegan

---

[2] For purposes of this motion only, the State's Attorney Defendants must take Plaintiff's well-pleaded allegations as true.

Police Department, where he was interrogated for twenty-four hours in at least ten separate sessions by members of the Lake County Major Crimes Task Force ("Task Force"). (¶¶ 73-148.) During those interrogations, Plaintiff was not fully informed of his *Miranda* rights, and was psychologically and physically coerced into giving a false confession. (*Id.*) Based on his false confession, he was charged with the murders and was denied bond on May 11, 2005. (¶¶ 149-51.) False testimony was given before a grand jury and at an August 2006 motion to suppress hearing. (¶¶ 155-56.) DNA testing was obstructed, and on August 29, 2007, test results excluded him as the source of the DNA evidence. (¶¶ 158-68.) On December 2, 2008, the circuit court of Lake County held a hearing and denied Plaintiff's motion for a new bond. (¶¶ 174-75.) On August 4, 2010, Plaintiff's charges were *nolle prossed* and he was released from jail, because on June 24, 2010, the DNA sample analyzed in this case was found to have matched another person. (¶¶ 177-78.)

**B.    Specific Allegations Against the State's Attorney Defendants**.

**1.    Allegations against Waller only.**

Waller was the Lake County State's Attorney, who was "responsible for supervising all prosecutions" and who allegedly "mobiliz[ed] the full power of the office in an effort to control the prosecution and build a case against" Plaintiff. (¶¶ 16, 48.) Plaintiff contends that Waller "indisputably became aware that the confession was false after DNA testing in 2007." (¶ 18.) On August 4, 2010, the day he *nolle prossed* Plaintiff's charges, Waller held a press conference and "stated 'he was not convinced that Hobbs didn't have a role in the killings,' but he said 'he didn't believe the case could be proved beyond a reasonable doubt.'" (¶¶ 32, 178-79, 264.)

3

Waller also stated: "I have studied this case and I don't believe law enforcement did anything wrong." (¶¶ 31, 180.)

### 2.     Allegations against Mermel only.

Mermel was an assistant state's attorney.  (¶ 49)  Mermel allegedly made several false statements in court or to the media about sperm and DNA evidence.  (¶¶ 21-22, 28, 171-72, 175, 181.)  Also, Plaintiff's defense counsel was intimidated by Mermel.  (¶ 157.)

### 3.     Allegations against Waller and Pavletic jointly.

Waller and Pavletic met with the Defendant officers on May 10, 2005 at 8:40 a.m. to review the facts of the case, and received "all the details" of Plaintiff's interrogation.  They were told Plaintiff confessed but that the officers did not have any documentary evidence of the confession.  They needed to obtain evidence the confession was "voluntary," though Plaintiff alleges "on information and belief" that they knew the written story had been coerced.  Over the next few hours, they allegedly "coached and prepared the officers to obtain the videotaped confession by threatening to charge [Plaintiff's wife]." (¶ 138.)  "On information and belief," Plaintiff contends they watched and listened to Plaintiff's two videotaped statements and were aware Plaintiff was punched and threatened during the first videotape.  (¶ 142.)

### 4.     Waller, Pavletic and Mermel jointly.

Plaintiff alleges "The defendant prosecutors" did not disclose a videotape to defense counsel during the prosecution; failed to dismiss the charges against Plaintiff after receiving the DNA test results; "controlled" the Defendant Crime Lab's testing methods; and acted to further a conspiracy by charging and prosecuting Plaintiff, making misrepresentations to the grand jury and to judges, and presenting knowingly false and incomplete evidence.  (¶¶ 140, 154, 160, 190.)

4

## STANDARDS FOR MOTION TO DISMISS

The State's Attorney Defendants and Lake County move to dismiss all of Plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(6), which challenges a complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on such a motion, the court accepts as true the well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Nixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002). The complaint must provide the defendant with fair notice of the claim's basis, and must also establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). As the Seventh Circuit has summarized, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim," and "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

The State's Attorney Defendants and Lake County also move to dismiss Plaintiff's state law claims pursuant to FED. R. CIV. P. 12(b)(1), which requires dismissal where the Court lacks subject matter jurisdiction. "A motion to dismiss pursuant to Rule 12(b)(1) is reviewed under the same standards as a Rule 12(b)(6) motion to dismiss, except that . . . the court may look beyond the allegations of the complaint and view other submitted evidence." *Johnson v. Joliet Junior College,* 2007 WL 1119215, at *2 (N.D. Ill. April 10, 2007).

5

**ARGUMENT**

I.    **PLAINTIFF'S FEDERAL COERCED CONFESSION CLAIM (COUNT I) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY.**

   A.    **Count I is Time-Barred.**

   Count I is time-barred and is not saved by Plaintiff's allegations of equitable estoppel or equitable tolling, especially since the State's Attorney Defendants are not alleged to have done anything to prevent Plaintiff from filing his lawsuit earlier.  *See* "Joint Memorandum of All Law Enforcement Defendants," filed by Defendant Harris, Dkt. 97-1 at 4-20.[3]

   B.    **Count I is Duplicative of Counts II and III.**

   Count I, entitled "Coerced Confession: Fourteenth Amendment," is duplicative of the Fourteenth Amendment claims in Counts II and III.  *See* Joint Memorandum, Dkt. 97-1 at 21-22.

   C.    **Count I Fails to State a Claim Against the State's Attorney Defendants.**

   Count I alleges that "one or more of the Defendants" used unjust violence and otherwise coerced him to confess.  (¶ 195.)  For several reasons, these allegations fail to state a claim against the State's Attorney Defendants.  First, "group pleading" about "one or more of the Defendants" is not sanctioned by FED. R. CIV. P. 8(a).  *See, Beaman v. Souk*, No. 10-CV-1019, 2011 WL 832506, at **5-6, 11-12 (C.D. Ill. March 3, 2011).  Instead, Plaintiff must "adequately plead[ ] personal involvement" of each Defendant, *Brooks,* 578 F.3d at 582, which Plaintiff fails to do.

---

[3] For the sake of efficiency and conservation, the State's Attorney Defendants and Lake County adopt and incorporate by reference the arguments contained in the Joint Memorandum.

Second, "[f]or a defendant to be liable under §1983, he or she must have participated directly in the constitutional violation." *Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). There are no allegations the State's Attorney Defendants personally participated in eliciting Plaintiff's confession. Indeed, Plaintiff's only allegation is that, after he had already been coerced by Defendant officers to sign a false statement, Waller and Pavletic "coached and prepared the Defendant officers" to obtain a videotaped confession by threatening to charge Plaintiff's wife. (¶¶ 128-35, 138.) Plaintiff does not allege Waller and Pavletic participated directly in making any such threat to Plaintiff. Additionally, Plaintiff fails to set forth sufficient facts establishing that the alleged threat to charge his wife constituted coercion. He does not state what "charge" the alleged threat consisted of, or that the threat was baseless. These omissions are significant because it is not unlawful to seek to a confession from a defendant by threatening to prosecute a spouse, where probable cause exists for the spouse's threatened prosecution and where the government did not believe the defendant was innocent. *See, e.g., United States v. Spilmon*, 454 F.3d 657, 658-59 (7th Cir. 2006) (affirming plea where defendant claimed he was innocent but pleaded guilty so charges against his wife would be dropped); *United States v. Keeter*, 130 F.3d 297, 300 (7th Cir. 1997) ("Prosecutors may offer strong inducements, such as reduced charges or immunity for family members, to elicit confessions or guilty pleas").

**D.     Count I is Barred by Principles of Absolute Prosecutorial Immunity.**

**1.     Legal principles underlying absolute prosecutorial immunity.**

The Supreme Court recognized absolute immunity for prosecutors in §1983 suits in *Imbler v. Pachtman,* 424 U.S. 409, 425-26 (1976), where the Court explained:

Frequently acting under serious constraints of time and even information, a prosecutor makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials . . . If prosecutors were hampered in exercising their judgment . . . by concern about resulting personal liability, the triers of fact in criminal cases often would be denied relevant evidence.

As a result of these considerations, the Court held that prosecutors are immune from civil suits for damages under §1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 426. Prosecutors are entitled to absolute immunity for any actions they take as advocates of the State at trial, "even if they present unreliable or wholly fictitious proofs." *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) ("*Buckley IV*," on remand from *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) ("*Buckley III*")); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (absolute immunity applies even when prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence"). "Prosecutorial immunity does not simply apply to the bringing of charges and the presentment of the state's case. 'Preparation, both for the initiation of the criminal process and for trial, may require the obtaining, reviewing, and evaluating of evidence.'" *Patterson v. Burge*, 2010 WL 3894438, at *8 (N.D. Ill. Sept. 27, 2010), *citing Imbler*, 424 U.S. at 431 n.33. A prosecutor's role as an advocate for the State involves "actions preliminary to the initiation of a prosecution" and "include the professional evaluation of the evidence assembled by the police." *Buckley III*, 509 U.S. at 273; *see, e.g., Hunt v. Jaglowski,* 926 F.2d 689, 692-93 (7th Cir. 1991) (prosecutor's taking suspect's statement after interrogation by police considered part of a prosecutor's advocacy role). Even where prosecutors engage in some forms of investigatory conduct, the Seventh Circuit has found absolute immunity applies where it is "the sort of preliminary pre-

8

prosecution activity that directly relates to the advocate's role." *Srivastava v. Newman*, 12 Fed. Appx. 369, 372 (7th Cir. 2001); *see also Sanders v. Taylor*, 3 Fed. Appx. 561, 562-63 (7th Cir. 2001) (recognizing actions within the confines of discovery are entitled to absolute immunity).

"An exception to prosecutorial immunity exists when prosecutors perform functions normally performed only or mainly by a police officer." *Andrews v. Burge*, 660 F. Supp. 2d 868. 875-76 (N.D. Ill. 2009), *citing Buckley III*, 509 U.S. at 273-74. Absolute immunity does not apply when prosecutors' acts are "investigatory or administrative in nature" and "unrelated to the preparation and initiation of judicial proceedings." *Burns v. Reed,* 500 U.S. 478, 490-91 (1991); *Smith,* 346 F.3d at 742.

### 2. The State's Attorney Defendants are entitled to absolute immunity.

Here, Plaintiff does not allege the State's Attorney Defendants had any involvement with the investigation until after Plaintiff had initially confessed: On the morning of May 10, 2005, Waller and Pavletic met with the interrogating officers, reviewed the facts of the case, and received details of the interrogation, including Plaintiff's refusal to write out the confession he had already signed. (¶ 138.) They also learned the police had no notes, videotape or audiotape of the confession. (*Id*.) Plaintiff alleges, on information and belief, the State's Attorney Defendants knew the confession was "coerced." (*Id*.) Because they allegedly "needed to obtain evidence that the confession was 'voluntary,'" Waller and Pavletic "coached and prepared" the officers to get a videotaped confession by threatening to charge Plaintiff's wife with some unspecified crime. (*Id*.) Waller and Pavletic allegedly then watched and listened to Plaintiff make two videotaped statements. (¶142.)

9

Based on Plaintiff's allegations, the State's Attorney Defendants are entitled to absolute prosecutorial immunity because nothing they did was both "investigatory" and "unrelated to the preparation and initiation of judicial proceedings."  In that respect, this case is like several others where courts found absolute prosecutorial immunity under similar, or even more egregious, allegations.  For instance, *Hunt v. Jaglowski* affirmed a finding of absolute immunity where plaintiff alleged he told an assistant state's attorney that officers had coerced his agreement to confess; the prosecutor said he could do nothing about it and then mentioned  plaintiff's claims of coercion to the officers, who then threatened him again until he signed the confession.  926 F.2d at 692.  The Seventh Circuit held that the assistant state's attorney had absolute immunity because the police had conducted their investigation before the prosecutor arrived and the prosecutor was not present when the plaintiff was arrested, allegedly beaten, or gave his coerced confession; instead, the prosecutor arrived after plaintiff had confessed.  *Id.* at 693.  *See also, e.g., Kitchen v. Burge,* 10 C 4093, – F. Supp. 2d –, 2011 WL 1485301, at \*\*2, 6 (N.D. Ill. April 19, 2011) (finding absolute immunity for assistant state's attorney who twice entered room where allegedly abusive interrogation was occurring, left when plaintiff refused to confess, returned after more abuse to hear plaintiff affirm detective's recitation of the murders, then drafted a statement and had plaintiff sign it); *Patterson,* 2010 WL 3894438 at \*10 (finding absolute immunity for assistant state's attorney who did not participate in alleged torture and was not present during the interrogation, but who later wrote a statement memorializing a confession he believed to be false and  illegally coerced); *Andrews,* 660 F. Supp. 2d at 877-78 (finding absolute immunity for prosecutor who allegedly witnessed plaintiff refuse to make a confession after

10

detective had used force and coached plaintiff what to say, left the room, then came back into the room a short while later, at which time plaintiff confessed).

In this case, Plaintiff's allegations demonstrate that Waller and Pavletic engaged only in preliminary, pre-prosecution activity directly relating to their advocates' role, preparing for the initiation of the criminal process by obtaining, reviewing and professionally evaluating evidence. Having learned Plaintiff had confessed but that there was an insufficient record of the confession, Waller and Pavletic allegedly recognized the need for such documentary evidence, and prepared the officers to obtain such documentation. Plaintiff nowhere alleges that Waller and Pavletic participated in the interrogation process in any way other than these purely-prosecutorial roles.[4]

## II. PLAINTIFF'S FEDERAL PROCEDURAL DUE PROCESS CLAIM (COUNT III) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY.

### A. Count III is Time-Barred.

For the same reasons as discussed *supra* in Section I. A., Count III is time-barred.

### B. Count III Fails to State a Claim Against the State's Attorney Defendants and is Barred by Principles of Absolute Prosecutorial Immunity.

Count III alleges that "one or more of the Defendants used unjust violence against Plaintiff in an attempt to coerce him to confess to a crime he did not commit" (¶ 203), that Plaintiff was not provided any *Miranda* warnings and was denied legal counsel for the duration of his interrogation despite requests for same (¶ 204), and that his coerced false statements "were used against Plaintiff in a criminal case to his detriment." (¶ 205.)

---

[4] Plaintiff's only allegations about Mermel involve actions taken or statements made in court as a prosecutor during the course of the prosecution, with the one exception of alleged statements made in April 2011 after the prosecution had ended. There can be no dispute that Mermel, Waller, and Pavletic are entitled to absolute immunity for any actions they took in prosecuting the criminal case.

Count III should be dismissed because these allegations fail to state a claim against the State's Attorney Defendants. First, as discussed *supra* at Section I. C., "group pleading" about "one or more of the Defendants" is not sanctioned by FED. R. CIV. P. 8(a). Second, there simply are no allegations that any of the State's Attorney Defendants "used unjustified violence," failed to give *Miranda* warnings, or denied Plaintiff access to legal counsel during his interrogation despite his requests.

Additionally, to the extent Plaintiff alleges that his coerced false statements "were used against Plaintiff in a criminal case" by the State's Attorney Defendants, their actions in the criminal case" are protected by absolute immunity for all the reasons discussed *supra* in Section I. D. Furthermore, they are also entitled to qualified immunity on Count III's Fifth Amendment claim, since the alleged *Miranda* violations were not clearly established constitutional violations actionable under Section 1983. *See* Joint Memorandum, Dkt. 97-1 at 24-28.

### III. PLAINTIFF'S FEDERAL FAILURE TO INTERVENE CLAIM (COUNT IV) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY.

#### A. Count IV is Time-Barred.

Claims for "failure to intervene" require an underlying constitutional violation. *See, e.g., Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005); *Gordon v. Devine,* 2008 WL 4594354, at *6 (N.D. Ill. Oct. 14, 2008). Here, Plaintiff alleges the State's Attorney Defendants failed to intervene to prevent the constitutional violations allegedly committed by the police Defendants, as described in Counts I through III. (¶ 176.) As discussed *supra* at Section I. A., however, Counts I through III are all time-barred and are not saved by Plaintiff's allegations of "equitable estoppel" or "equitable tolling." For the same reasons, Count IV is also time-barred and should

be dismissed. *See Gordon,* 2008 WL 4594354, at *6 (claim of failure to intervene which is tied to time-barred constitutional violations is also time-barred).

**B.     Count IV Fails to State a Claim Because it is Insufficiently Pleaded and Because Prosecutors Do Not Have a Duty to Intervene with Police.**

Plaintiff alleges that "one or more of the Defendants stood by without intervening to prevent the misconduct." (¶ 209.) As discussed *supra* in Section I. C., this method of "group pleading" is not sanctioned by FED. R. CIV. P. 8(a). *See, Beaman,* 2011 WL 832506, at *12 (failure to intervene claim dismissed as "conclusory statement . . . not entitled to weight").

Count IV also fails because "neither the Seventh Circuit, nor any Northern District of Illinois court, has recognized a failure to intervene claim against a prosecutor." *Gordon*, 2008 WL 4594354, at *17. Prosecutors have different roles and powers than police, and the former do not have a duty to intervene with the latter. *Andrews v. Burge*, 660 F. Supp. 2d 868, at 876 n.6 (N.D. Ill. 2009); *cf. Anderson v. Simon*, 217 F.3d 472, 476 (7th Cir. 2000) ("police are not obligated to adhere to the suggestions of the state's attorney's office, a separate and distinct organization with no command authority" over the police department).

**C.     Count IV is Barred by Principles of Absolute Prosecutorial Immunity.**

For the same reasons as discussed *supra* in Section I. D., the State's Attorney Defendants are entitled to absolute immunity.

**IV.     PLAINTIFF'S FEDERAL CONSPIRACY CLAIM (COUNT V) IS TIME-BARRED, FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY.**

**A.     Count V is Time-Barred.**

"A civil conspiracy claim accrues when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *See, e.g., Wilson v. Giesen,*

13

956 F.2d 738, 740 (7th Cir. 1992). Like Count IV's failure to intervene claim discussed *supra* at Section III. A, Count V is also time-barred.[5]

### B. Count V Fails to Plead the Elements of Conspiracy.

Plaintiff attempts to "group plead" a conspiracy by describing the actions of "Defendants" generally, without specific reference to what acts each State's Attorney Defendant allegedly performed; worse, Count V's allegations are vague, conclusory and formulaic, and must be dismissed on those bases. *See Beaman*, 2011 WL 832506, at **11-12 (dismissing "patently insufficient" conspiracy claim because "merely using the phrase 'conspiracy' does nothing to place the individual Defendants on notice of such a claim"); *Carillo v. Chambers,* 2007 WL 257634 (N.D. Ill. Jan. 22, 2007) (dismissing "bare allegations of conspiracy"). For instance, Plaintiff brings Count V pursuant to 42 U.S.C. §1985, which consists of three subsections, each of which prohibits a distinct type of conspiracy. Here, Plaintiff not only fails to allege under which subsection he brings his §1985 claim, but he also fails to plausibly describe any such conspiracies involving the State's Attorney Defendants or to include any allegations sufficiently apprising each State's Attorney Defendant of what he supposedly did to act in a §1985 conspiracy. *See Taylor-Hudgins v. Spurgeon,* 2004 WL 828093, at **2-3 (S.D. Ind. March 3, 2004) (dismissal for failing to plead specific subsection or elements of §1985 conspiracy).

### C. The State's Attorney Defendants Have Absolute Immunity.

While Plaintiff fails to identify any specific conspiratorial acts by any individual State's

---

[5] Also like the failure to intervene claim in Count IV, a civil conspiracy claim "rises and falls" with Plaintiff's other constitutional claims. *Woodruff v. Mason,* 542 F.3d 545, 550 n.5 (7th Cir. 2008). Thus, if any of the constitutional violations alleged in Counts I-III is dismissed, Count V also fails to the extent it is based on the failed constitutional violation.

Attorney Defendant, Count V does list a number of actions that allegedly furthered a conspiracy, some of which are presumably aimed at the State's Attorneys: "charging and prosecuting"; "misrepresentations to the grand jury and judges"; and "the presentation of knowingly false and incomplete evidence." (¶ 157.) As discussed *supra* at Section I. D., however, even if these allegations were true, the State's Attorney Defendants would have absolute immunity.

**V. PLAINTIFF'S FEDERAL MALICIOUS PROSECUTION CLAIM (COUNT VI) FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY.**

Plaintiff admits the Seventh Circuit "has held that there is no cause of action for malicious prosecution under section 1983." Third Amended Complaint at 48, n.1. For that reason alone, Count VI must be summarily dismissed. *See* Joint Memorandum, Dkt. 97-1 at 2, n.1. Furthermore, the State's Attorney Defendants are entitled to absolute prosecutorial immunity for all the reasons discussed *supra* at Sections I. D. and IV. C.

**VI. PLAINTIFF'S FEDERAL "ACCESS TO COURT" CLAIM (COUNT X) FAILS TO STATE A CAUSE OF ACTION, AND IS BARRED BY ABSOLUTE PROSECUTOR IMMUNITY AND BY QUALIFIED IMMUNITY**

Plaintiff alleges that he was "isolated and separated" while held in Lake County Jail and that "each of the Defendants" denied him access to courts "by denying him access to the law library, legal material and/or legal counsel" such that his ability to bring his federal claims in Counts I-IX was deprived or diminished. (¶¶ 238-39.) Nowhere, however, does Plaintiff allege anything about what any of the State's Attorney Defendants did to deny him access to courts; for that matter, Plaintiff makes no allegations about what *any* Defendant did to deny him access to courts. For that reason, Count X should be dismissed. *See* Joint Memorandum, Dkt. 97-1 at 28. Furthermore, Plaintiff alleges he was deprived of access to the courts only after he was in the

15

Lake County Jail, which occurred after the prosecution had begun; thus, any actions of the State's Attorney Defendants would be subject to absolute immunity. Additionally, the State's Attorney Defendants are entitled to qualified immunity. *See* Joint Memorandum, Dkt. 97-1 at 30-31.

## VII. PLAINTIFF'S STATE LAW CLAIMS AGAINST THE STATE'S ATTORNEY DEFENDANTS ARE SUBJECT TO DISMISSAL FOR SEVERAL REASONS.

### A. Plaintiff's Malicious Prosecution Claim (Count XI) is Barred by Principles of Absolute Prosecutorial Immunity.

Count VI alleges that "Defendants initiated and/or continued" Plaintiff's prosecution "with malice." (¶ 244.) Prosecutors, however, have the same absolute immunity from Plaintiff's state law claims as they do from his federal claims, with no exception for "malice." *See, e.g., Patterson,* 2010 WL 3894438, at *11 ("Illinois courts apply the prosecutorial immunity analysis announced in *Imbler* and *Buckley*"); *Andrews,* 660 F. Supp. 2d at 879 (Illinois' rules governing prosecutorial immunity are "at least as broad as those found in federal law"); *Fonseca v. Nelson*, 2009 WL 78144, at *7 (S.D. Ill. Jan. 12, 2009) (Illinois courts apply same principles as federal courts to prosecutorial immunity); *Gordon*, 2008 WL 4594354, at **16-17 (extending prosecutors' absolute immunity "even when the plaintiff alleges malice"); *Hughes v. Krause,* 2008 WL 2788722, at **1-2 (N.D. Ill. July 17, 2008) (on reconsideration, prosecutors entitled to absolute immunity from state law claims with no exception for malice); *Barham v. McIntyre*, 2007 WL 1576484, at *8 (S.D. Ill. May 30, 2007) (concluding that Illinois Supreme Court would follow federal law to "hold that absolute prosecutorial immunity extends to willful and malicious conduct"); *White v. City of Chicago,* 861 N.E.2d 1083, 1088-89 (1st Dist. 2006) (relying on *Imbler* and progeny to apply absolute immunity to prosecutors); *Weimann v. County of Kane*, 502 N.E.2d 373, 377 (2d Dist. 1986) ("law is clear" that prosecutors are immune from liability for

16

"activities intimately associated with the judicial phase of the criminal process"); *Coleson v. Spomer*, 334 N.E.2d 344, 347 (5th Dist. 1975) (prosecutors entitled to absolute immunity).

**B.      Plaintiff's IIED Claim (Count XII) is Barred by Principles of Absolute Prosecutorial Immunity, and is Time-Barred.**

For the same reasons discussed *supra* at Section VII. A., Plaintiff's state law claim for IIED is barred by absolute prosecutorial immunity. *See, e.g., Patterson,* 2010 WL 3894438, at *11 (IIED claim, premised on same conduct underlying the malicious prosecution claim, dismissed based on absolute immunity). Also, the IIED claim is time-barred pursuant to *Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009). *See* Joint Memorandum, Dkt. 97-1 at 20-21.

**C.      Plaintiff's Common Law Conspiracy Claim (Count XIII) is Insufficiently Pleaded and is Barred by Principles of Absolute Prosecutorial Immunity.**

**1.      Count XIII fails to sufficiently plead the elements of conspiracy.**

Plaintiff's state law allegations of conspiracy mimic his federal conspiracy allegations. Compare ¶¶ 213-14 with ¶¶ 253-54. Again, Plaintiff's allegations are vague, conclusory and formulaic, and must be dismissed on the same bases as discussed supra at Section IV. B. See also, *Beaman*, 2011 WL 832506, at *15 (dismissing state law conspiracy claim for the same reasons as the federal claim).

**2.      Count XIII is barred by absolute immunity.**

For the same reasons discussed *supra* at Section VII. A, Plaintiff's state law claim for conspiracy is barred by absolute immunity. *See, e.g., Patterson,* 2010 WL 3894438, at *11 (absolute immunity bars state law conspiracy claim); *Andrews,* 660 F. Supp. 2d at 877, 879 (state claims including conspiracy dismissed based on absolute immunity); *Gordon*, 2008 WL 4594354, at **16-17 (same).

17

### D. Plaintiff's False-Light Claim Against Waller (Count XV) Is Barred by Absolute Privilege and Otherwise Fails to State a Claim.[6]

In his Second Amended Complaint, Plaintiff sought to allege defamation claims against all of the State's Attorney Defendants, who moved to dismiss those claims for a variety of reasons. *See* Dkt. 89 at 15-19. Rather than respond, Plaintiff's Third Amended Complaint drops his defamation claim against Pavletic, asserts a new defamation claim against Mermel in Count XIV, and in Count XV seeks to re-cast the prior defamation claim against Waller as a "false-light" claim. Thus, as before, Plaintiff alleges that Waller stated at a press conference, on the day he *nolle prossed* the prosecution, that "he was not convinced that Hobbs didn't have a role in the killings, but he didn't believe the case could be proved beyond a reasonable doubt." (¶¶ 32, 178-79, 264.) Count XV also seeks to allege a false-light claim based on the allegation that Waller also stated: "I have studied this case and I don't believe law enforcement did anything wrong." (¶¶ 31, 180.) As before, however, Plaintiff's new false-light claim must be dismissed.

"To state a claim for a false light invasion of privacy, a plaintiff must allege the defendant's actions placed the plaintiff in a false light before the public, that the false light would be highly offensive to the reasonable person, and that the defendant acted with actual malice." *Schivarelli,* 776 N.E.2d at 700-01. In *Lovgren v. Citizens First National Bank of Princeton,* 534 N.E.2d 987, 991 (Ill. 1989), the Illinois Supreme Court noted that there was "an overlapping of protected interests in the false-light privacy tort and those protected by defamation law. Yet,

---

[6] Because of federal pleading standards, the State's Attorney Defendants have not moved under FED. R. CIV. P. 12(b)(6) to dismiss the defamation claim in Count XIV against Defendant Mermel, though the full record will show that Plaintiff has misrepresented Mermel's public comments and, as a result, the claim is not actionable. As discussed *infra*, however, Count XIV is subject to dismissal for lack of subject matter jurisdiction.

there are recognizable differences." In *Schaffer v. Zekman,* 554 N.E.2d 988, 993 and n.2 (1st

Dist. 1990), the court noted that "due to the similarities between these torts, certain restrictions

and limitations on actions for defamation may be equally pertinent to claims for false-light

invasion of privacy," such as constitutional protection for opinions, and the requirement that the

statement must be "of and concerning" the plaintiff. Additionally, absolute privilege applies to

immunize certain statements in both defamation and false-light torts. *Layne v. Builders*

*Plumbing Supply Co., Inc.,* 569 N.E.2d 1104, 1106 (2d Dist. 1991).

       **1.**      **Waller's press conference statement is absolutely privileged.**

      Waller's statement at a press conference that he "was not convinced that Hobbs didn't

have a role in the killings" and "didn't believe the case could be proved beyond a reasonable

doubt" is immunized by absolute privilege. In *Layne*, a false-light case, the court held an

allegedly false statement made to police, even if made with malice, was immunized by absolute

privilege because "the defendant is acting in furtherance of some interest of social importance"

and because "public policy favors the free and unhindered flow of such information." 569

N.E.2d at 1106-08. Similarly, the Illinois Supreme Court recognized an absolute executive

privilege in *Blair v. Walker,* 349 N.E.2d 385, 389 (1976), finding the Governor is protected from

defamation actions when issuing statements legitimately related to matters committed to his

responsibility. In a closely analogous case, *Patterson v. Burge,* 328 F. Supp. 2d 878 (N.D. Ill.

2004), the state's attorney and an assistant state's attorney publically condemned the plaintiff's

pardon, referred to the plaintiff as "evil" and a "convicted murderer," and stated plaintiff "was

guilty of the murders." *Id.* at 885-86. The court dismissed plaintiff's defamation claim, holding

"[p]rosecutors in the Illinois State's Attorney's Office have an absolute privilege to comment on

issues within the scope of their employment" and that "commenting to the public on criminal cases" is within the scope of a prosecutor's employment. *Id.* at 902, *citing Ware v. Carey,* 394 N.E.2d 690, 693-97 (1st Dist. 1979) (extending *Blair*'s absolute privilege for the Governor's public statements to public statements by state's attorneys).

Here, as in *Patterson*, Waller's comments to the public about why Plaintiff's criminal case was dismissed were legitimately related to matters within the State's Attorney's duties, and Plaintiff nowhere alleges otherwise; furthermore, the rationale behind the absolute executive privilege fully applies. *See Barr v. Matteo,* 360 U.S. 564, 571 (1959) (absolute privilege applied to acting director's press release announcing reasons for employees' suspensions); *Blair*, 349 N.E.2d at 389 (citing *Barr* and holding that Governor has inherent, discretionary authority to inform the public of the actions he has taken, despite the potential for libel, because the effective functioning of a free government depends largely on informed public opinion); *Ware,* 394 N.E.2d at 696-97 (State's Attorney's press release legitimately related to responsibilities as leader of law enforcement community to inform the public about issues of importance); *Hartigan v. Knecht Services Inc.*, 575 N.E.2d 1378, 1390-91 (2d Dist. 1991) (the Attorney General "must be allowed to keep public informed of his actions without fear of personal liability"); *see also, Klug v. Chicago School Reform Bd. of Trustees,* 197 F.3d 853, 861 (7th Cir. 1999) (Illinois officials' immunity from defamation claims is not overcome by knowledge of statement's falsity or by improper motivation, including malice).

Thus, whether Plaintiff's claim is for false-light or defamation, Waller's statements are immunized by absolute privilege.

20

**2. Waller's statement that law enforcement did nothing wrong is not "of or concerning" Plaintiff, and is a constitutionally protected opinion.**

Plaintiff also alleges that Waller stated "I have studied this case and I don't believe law enforcement did anything wrong." This statement fails to support a false-light claim for at least two reasons. First, the statement is not "of or concerning" the Plaintiff. *See Green v. Rogers,* 917 N.E.2d 450, 459 (Ill. 2009) (defamatory statement must be "about the plaintiff"); *Schivarelli v. CBS, Inc.*, 776 N.E.2d 693, 701 (1st Dist. 2002) (an "essential element" of a defamation claim is that "the challenged statement be 'of and concerning the plaintiff'"); *Muzikowski v. Paramount Pictures Corp.,* 477 F.3d 899, 907 (7th Cir. 2007) (*Muzikowski II*) ("of and concerning" requirement applies to false light claims). Nothing about Waller's statement is about, of or concerning Plaintiff, who is not mentioned or named; rather, the focus of the statement is on "law enforcement." *See, Schivarelli*, 776 N.E.2d at 701-02 (affirming dismissal of defamation claim where statements did not mention plaintiffs); *Klug,* 197 F.3d at 860 (it is "doubtful" that statements which do not name plaintiff are defamatory); *Vantassell-Matin v. Nelson,* 741 F.Supp. 698, 708-09 (N.D. Ill. 1990) (dismissing defamation claim where statements were not "of and concerning" plaintiffs).

Secondly, Waller's statement is a constitutionally protected opinion. In *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 18-20 (1990), the Supreme Court held that the First Amendment protects statements of opinion "that cannot be reasonably interpreted as stating actual facts." Illinois has adopted the *Milkovich* test, which focuses on whether the allegedly defamatory statement is an objectively verifiable assertion. *Schivarelli,* 776 N.E.2d at 698. Whether a statement is constitutionally protected speech is a matter of law for the court to decide. *Id.* A statement that is "too broad, conclusory, and subjective to be objectively verifiable," is a non-

21

actionable opinion. *Id.* at 699; *see also, Lifton v. Bd. of Educ. of City of Chicago,* 416 F.3d 571, 579 (7th Cir. 2005) (vague, unprovable statements do not give rise to a defamation claim). "As in defamation actions, statements that are expressions of opinion devoid of any factual content are not actionable as false light claims." *Schivarelli,* 776 N.E.2d at 701.

Here, Waller's alleged statement expresses a subjective view that he did not believe law enforcement "did anything wrong," which is a vague, broad, conclusory statement of opinion without any specific factual context; as such, it is not actionable. *See, e.g., Schivarelli,* 776 N.E.2d at 699; *Hopewell v. Vitullo,* 701 N.E.2d 99, 107 (1st Dist. 1998) (finding statement was non-actionable opinion and observing that "all opinions imply facts; however, the vaguer and more generalized the opinion, the more likely the opinion is non-actionable as a matter of law"); *Manjarres v. Nalco Co.,* 2010 WL 918072, at **2-5 (N.D. Ill. March 9, 2010) (dismissing defamation claim based on non-actionable opinions, citing *Hopewell*).

## VIII. THE STATE LAW CLAIMS MUST BE DISMISSED UNDER RULE (12)(b)(1) BASED ON THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY.

A state's immunity from suit is a fundamental aspect of its sovereignty. *Alden v. Maine,* 527 U.S. 706, 713 (1999). This immunity is recognized in the Eleventh Amendment, which provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment "forbids the federal courts to entertain diversity suits against states and thus is clearly jurisdictional." *Higgins v. Mississippi,* 217 F.3d 951, 953 (7th Cir. 2000).[7]

---

[7] The Eleventh Amendment itself does not explicitly provide for immunity when a citizen sues his resident state; however, the Supreme Court has extended state sovereignty to bar federal courts from

State sovereign immunity rules also apply to state law causes of action brought in federal court against state officials. *Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003). In 1970, Illinois ratified a new constitution which abolished sovereign immunity except as provided by the General Assembly; at the same time, the General Assembly enacted the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 1994)), which gave the Illinois Court of Claims exclusive jurisdiction to hear, *inter alia,* "all claims against the State for damages in cases sounding in tort . . ." *Sneed v. Howell,* 716 N.E.2d 336, 339-40 (5th Dist. 1999), citing 705 ILCS 505/8(d) (West 1994). And in *Garcia v. City of Chicago,* 24 F.3d 966, 969 (7th Cir. 1994), the Seventh Circuit noted that the Illinois Supreme Court held that Illinois state's attorneys are state officials, citing *Ingemunson v. Hedges,* 549 N.E.2d 1269, 1272 (1990); *see also, McGrath v. Gillis,* 44 F.3d 567, 571 (7th Cir. 1995) (same). Thus, a suit against a state's attorney in Illinois is treated as a suit against the State. *See, e.g., Carillo v. Chambers,* 2007 WL 257634, at **3-4 (N.D. Ill. Jan. 22, 2007).

Against that backdrop, the state law claims against the State's Attorney Defendants must be dismissed here and brought in the Illinois Court of Claims. *See, e.g., Brooks,* 578 F.3d at 580 (dismissing state law malicious prosecution claim against defendants including assistant state's attorneys because it was barred by sovereign immunity); *Redd v. Dougherty,* 578 F. Supp. 2d 1042, 1056 (N.D. Ill. 2008) (state law claims against assistant state's attorney dismissed without prejudice to being raised in Illinois' Court of Claims); *Young v. Rogers,* 2008 WL 5235366 (N.D. Ill. Dec. 15, 2008) (sovereign immunity barred state law claims against assistant state's attorney); *White,* 861 N.E.2d at 1095-96 (exclusive jurisdiction over tort claims against state's attorneys

---

hearing suits against a state by one of its own citizens. *Hans v. Louisiana,* 134 U.S. 1, 21 (1890).

lies in Court of Claims); *Price v. State,* 820 N.E.2d 104, 107 (1st Dist. 2004) (circuit court lacks

subject matter jurisdiction over state law tort claims against state's attorney).

Thus, Plaintiff's state law claims against the State's Attorney Defendants must be

dismissed because they are barred by both the Eleventh Amendment and Illinois' sovereign

immunity rules. That Plaintiff alleges subject matter jurisdiction under 28 U.S.C. §1331 and also

diversity jurisdiction under 28 U.S.C. §1367 (*see* ¶¶ 2-3) does not matter; his state law claims

can only be brought in the Illinois Court of Claims. *Key v. Illinois Dept. of State Police,* 2006

WL 3229999, at *3 (S.D. Ill. Nov. 7, 2006).

## IX. THE CLAIMS AGAINST LAKE COUNTY MUST BE DISMISSED.

### A. Count XVI ("Indemnification").

Plaintiff seeks recovery from Lake County on the basis of indemnification under 745

ILCS 10/9-102. (¶¶ 275, 277.) For the reasons discussed above, Plaintiff's claims against the

State's Attorney Defendants are subject to dismissal; thus, there is no basis for indemnification,

and the County is entitled to dismissal of Count XVI. *See Mosley v. City of Chicago*, 2009 WL

3097211, at *11 (N.D. Ill. Sept. 22, 2009), *citing* 745 ILCS 10/2-109 ("A local public entity is

not liable for any injury resulting from an act or omission of its employee where the employee is

not liable.").

### B. Count XVII ("*Respondeat Superior*").

There is no *respondeat superior* liability on the part of Lake County for any of the State's

Attorney Defendants' alleged conduct, because the County is not their employer. In *Biggerstaff

v. Moran,* 671 N.E.2d 781, 784 (1st Dist. 1996)*,* the court held that the State's Attorney is a state

officer whose office was created under the Illinois constitution, and assistant state's attorneys are

24

officers who perform the general duties of the State's Attorney's Office; thus, the County "is not vicariously liable" for the actions of a state's attorney or his assistants "under the *respondeat superior* doctrine." *Id.*; *see also, Gordon,* 2008 WL 4594354, at * 18 (same).  Also, because the underlying claims against the State's Attorney Defendants fail, the *respondeat superior* claim against the County must also fail.  *See, e.g., Finwall v. City of Chicago,* 490 F. Supp. 2d 918, 927 (N.D. Ill. 2007).

## CONCLUSION

For the foregoing reasons, and for the reasons discussed in the Joint Memorandum, the claims against the State's Attorney Defendants and Lake County in Counts I, III, IV, V, VI, X, XI, XII, XIII, XIV, XV, XVI and XVII should be dismissed.


Dated: August 31, 2011                                      RESPECTFULLY SUBMITTED,

                                                            /s/James G. Sotos
                                                            James G. Sotos, Attorney No. 06191975
                                                            *One of the Attorneys for the State's Attorney*
                                                            *Defendants and Lake County*

James G. Sotos
Elizabeth A. Ekl
Jeffrey N. Given
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, Illinois 60143
(630) 735-3300 (telephone)
(630) 773-0980 (facsimile)
jsotos@jsotoslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, and that I electronically filed a complete copy of the foregoing **Memorandum in Support of Defendants Waller, Mermel, Pavletic and Lake County's Motion to Dismiss Plaintiff's Third Amended Complaint** with the Clerk of the Court on **Wednesday, August 31, 2011** using the CM/ECF system, which will send notification of such filing to the attached service list. .

/s/James G. Sotos_____
James G. Sotos, Attorney No. 06191975
*One of the Attorneys for the State's Attorney*
*Defendants and Lake County*

26

**SERVICE LIST**
**Hobbs v. Cappelluti, et al.**
**Case No. 10-cv-7649**

**Attorneys for Plaintiff**
Kathleen T. Zellner
Douglas H. Johnson
Anne Zellner Nolte
Kathleen T. Zellner & Associates.
2215 York Road, Suite 504
Oakbrook, IL 60523
(630) 955-1212
(630) 955-1111 (Fax)
kathleen.zellner@gmail.com
anne@kathleenzellner.com
bobo106466@aol.com

**Attorneys for Defendants Andrew Jones and Village of Vernon Hills**
William C. Barasha
Michael E. Kujawa
Judge, James & Kujawa, Ltd.
422 North Northwest Highway, Suite 200
Park Ridge, IL 60068
(847) 292-1200
(847) 292-1208 (Fax)
wbarasha@judgeltd.com
mkujawa@judgeltd.com

**Attorneys for Defendant Kevin Harris**
William W. Kurnik
Amanda M. Hillmann
Knight, Hoppe, Kurnik & Knight, Ltd.
5600 North River Road, Suite 600
Rosemont, IL 60018-5114
(847) 261-0700
(847) 261-0714 (Fax)
bkurnik@khkklaw.com
ahillmann@khkklaw.com

**Attorneys for Defendants Domenic Cappelluti, Charles Schletz, William Valko and The City of Waukegan**
Thomas G. DiCianni
Pedro Fregoso, Jr.
Ellen K. Emery
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, IL 60603
(312) 782-7606
tdicianni@ancelglink.com
pfregoso@ancelglink.com
eemery@ancelglink.com

**Attorneys for Defendant City of Zion**
Clifford G. Kosoff
Julie A. Hofherr Bruch
Benjamin M. Jacobi
O'Halloran, Kosoff, Helander & Geitner, P.C.
650 Dundee Road, Suite 475
Northbrook, IL 60062
(708) 291-0200
ckosoff@okgc.com
jbruch@okgc.com
bjacobi@okgc.com

**Attorneys for Defendants Garth Glassburg, Kelly Lawrence and Northeastern Illinois Regional Crime Laboratory**
Cary James Collins
Thomas Steven Radja, Jr.
Collins & Radja
2200 West Higgins Road
Suite 145
Hoffman Estates, IL 60195
(708) 519-0010
cjcollins4@aol.com
radjat2@aol.com